UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHERRIS MINOR,

          Plaintiff,

    v.

BAKER MILLS, INC., et al.,

          Defendants.

Case No.  20-cv-02901-RS

**ORDER DENYING MOTION TO DISMISS**

Plaintiff in this putative class action contends the marketing and labeling of Kodiak Cakes brand products, produced by defendants Baker Mills, Inc. and Kodiak Cakes, LLC, are deceptive to consumers. Specifically, plaintiff claims defendants effectively overstate the protein content of the products by using a measuring method she contends is impermissible in the circumstances. Defendants previously moved to dismiss, arguing that one aspect of plaintiff's claims was preempted by FDA regulations, and as to the other, plaintiff could not show reliance. That motion was denied, for reasons explained in a written order.

Plaintiff thereafter voluntarily filed an amended complaint. In addition to a handful of minor corrections or additions, the amendments (1) expanded the number of Kodiak Cake products challenged, and (2) set out an additional reason plaintiff believes the methodology defendants use to calculate protein content produces a misleading result. Defendants, now represented by new counsel, again move to dismiss, this time presenting a full panoply of arguments as to why, in their view, plaintiff has failed to state a claim and/or lacks standing and/or

United States District Court
Northern District of California

is not entitled to equitable relief. With one minor exception, discussed below, all of the challenges defendants raise now are not tied to any of the matter added by the amendments, and could have been asserted against the original complaint.

Federal Rule of Civil Procedure 12(g)(2) states "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The exception of Rule 12(h)(2) is that the defense of failure to state a claim may be raised in a motion for judgment on the pleadings pursuant to Rule 12(c). The exception of Rule 12(h)(3) is that the court is to dismiss "at any time" if it determines subject matter jurisdiction is lacking. Read together, these rules prohibit a defendant from bringing a motion to dismiss raising defenses that could have been, but were not, asserted in a prior motion to dismiss. *See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 135 F. Supp. 3d 1059, 1070 (N.D. Cal. 2015)(rev'd in part on other grounds, 904 F.3d 821 (9th Cir. 2018).

Defendants argue they have not violated this rule because their first motion and the current motion both assert the defense of "failure to state a claim." The current motion, however, advances completely different grounds for the argument that the complaint fails to state a claim—grounds that could have been presented in the first motion but were not. To construe Rule 12(g)(2) as permitting such an approach would make it virtually meaningless. Defendants alternatively suggest that the present motion can simply be deemed a motion for judgment on the pleadings. The authorities they cite for that approach, however, involved motions to dismiss filed *after* the operative complaint had been answered. *See, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

Defendants nevertheless urge the court to reach the merits of their motion for the sake of judicial efficiency, rather than requiring them to first answer and then refile the motion as one for judgment on the pleadings. Some courts have taken that approach. *See, e.g., Nat. City Bank, N.A. v. Prime Lending, Inc.*, 2010 WL 2854247, at *2 (E.D.Wash. July 19, 2010) (noting "[j]udicial economy favors ignoring the motions' technical deficiencies."). Accordingly, the motion will not

United States District Court
Northern District of California

be denied merely on procedural grounds. Rather, the motion must be denied because virtually all of the arguments are premised on defendants' flawed view that plaintiff has alleged no false representations, and instead is relying on mere "hypertechnical" violations of FDA regulations—rules that the prior order acknowledged "could have been written more clearly."

Defendants insist their packaging accurately states the amount of protein in their products, as calculated by the so-called "nitrogen method," which they say is the "industry standard" and is generally approved by the FDA. Indeed, as noted in the prior order, plaintiff does *not* contest that the figures defendants use are those that result from use of the nitrogen method to calculate protein content. Nevertheless, as explained in the prior order, the FDA regulations permit use of the nitrogen method to calculate protein content only where the product is *not* making a "nutrient content claim" with respect to protein. Where the protein content of a food product is expressly touted, as it is on defendants' packaging, the regulations require use of the so-called "amino acid method," which at least on the present record, apparently provides a more accurate measurement. Again, at least at the pleading stage, the inference is that the nitrogen method provides a rough estimate that suffices where the amount of protein likely is not material to consumers. When protein content is material, however, the FDA believes it is potentially misleading to use that method, rather than the more precise and more informative amino acid method.[1]

Whether plaintiff will ultimately succeed in proving that using figures calculated with the nitrogen method creates liability under the relevant California laws is a question for another day. All of defendants' arguments resting on their assertion that their packaging truthfully reports the protein content under the nitrogen method, however, do not support dismissal at the pleading stage.

---

[1] Defendants' argument that plaintiff has not alleged she had any understanding as to the two methodologies for measuring protein or any expectation as to which one defendants were using is a strawman. The FDA regulations appear to reflect a judgment that it would mislead consumers to use the nitrogen method where protein content is important, whether or not consumers have any understanding of either methodology. That is sufficient to make the deception claim plausible at the pleading stage.

United States District Court
Northern District of California

Independently of their arguments regarding the pleading of falsity, defendants invoke *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), to urge dismissal of all of plaintiff's claims for equitable relief, claiming she has not shown damages to be inadequate. There may be instances where it is appropriate to conclude at the pleading stage that a plaintiff's damage remedies plainly are adequate, thereby foreclosing equitable remedies. In *Sonner*, for example, the Ninth Circuit observed the plaintiff (1) had not pleaded damages were inadequate, and (2) had conceded she was seeking "the same sum in equitable restitution as 'a full refund of the purchase price'—$32,000,000—as she requested in damages to compensate her for the same past harm." *Id.* at 844. Not surprisingly, the plaintiff was unable "to explain how the same amount of money for the exact same harm is inadequate or incomplete . . . ." *Id.*

Here, although the allegations border on the overly conclusory, plaintiff has pleaded that damages will be inadequate, and there is no clear indication to the contrary. Accordingly, dismissal of the claims for equitable remedies is not warranted at this juncture. Similarly, defendants' argument that plaintiff cannot seek injunctive relief because she now is aware of the labeling issue is not compelling. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018) ("Either way, we share one district court's sentiment that we are 'not persuaded that injunctive relief is never available for a consumer who learns after purchasing a product that the label is false.' [citation]").

As noted above, defendants do make one argument specifically tied to the new amendments. Defendants contend plaintiff lacks standing to pursue claims regarding products she did not purchase. This issue, which may turn in part on similarities and differences in the products, is not suitable for resolution on the pleadings.

Finally, defendants' motion includes a laundry list of general categories of allegations they request be stricken under Rule 12(f). Although defendants' argument in support of the motion to strike is underdeveloped, it appears to be presented as an alternative to dismissal, in the event the court finds defendants' points have merit but are not dispositive of entire claims. It fails for the same reasons discussed above.

United States District Court
Northern District of California

The motion to dismiss and to strike are denied. Defendants shall file an answer within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: May 20, 2021

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California