## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRIS MINOR, as an individual, on beha1f of herself, the general public and those similarly situated,<br><br>Plaintiff,<br>vs.<br><br>BAKER MILLS, INC.; and KODIAK CAKES, LLC,<br><br>Defendants. | Case No. 20-cv-02901-RS |

Declaration

of

**COLIN B. WEIR**

August 2, 2021

MAY REFERENCE MATERIALS DESIGNATED "CONFIDENTIAL" AND

"CONFIDENTIAL ATTORNEYS' EYES ONLY" UNDER PROTECTIVE ORDER

I, Colin B. Weir, declare as follows:

I am Vice President at Economics and Technology, Inc. ("ETI"), One Washington Mall, 7th Floor, Boston, Massachusetts 02108.  ETI is a research and consulting firm specializing in economics, statistics, regulation and public policy.

## I.  QUALIFICATIONS, BACKGROUND, AND EXPERIENCE

1.    I hold a Masters of Business Administration, with honors, from the High Technology program at Northeastern University, Boston, Massachusetts.  I hold a Bachelor of Arts degree cum laude in Business Economics from The College of Wooster, Wooster, Ohio.  I have provided expert testimony before federal and state courts, the Federal Communications Commission, and state regulatory commissions, and have contributed research and analysis to numerous ETI publications and expert testimony at the state, federal, and international levels.  I have consulted on a variety of consumer and wholesale products cases, calculating damages relating to automobiles, food products, household appliances, herbal remedies, health/beauty care products, electronics, and computers.  My Statement of Qualifications, which outlines my professional experience, publications, and record of expert testimony during the last four years, is attached hereto as Exhibit 1.  This includes a list of all cases in which, during the previous four years, I have testified as an expert at trial or by deposition.

2.    Contained in Exhibit 1 is a list of numerous litigations in which I have participated in the design, execution and/or determination of the economic suitability of conjoint surveys, or have been found by the court to have expertise in conjoint analysis.  These cases include, but are not limited to *Hadley vs. Kellogg; Krommenhock v. Post; Fitzhenry-Russell v. Dr. Pepper; Jones v. Nutiva; Hunter v. Nature's Way; Looper v. FCA; Sanchez-Knutson v. Ford Motor Company; Belfiore v. Procter and Gamble; Kurtz v. Kimberly Clark; In re Scotts EZ Seed Litigation; In re:*



Declaration of Colin B. Weir
August 2, 2021
Page 2 of 16

*ConAgra Foods; In re: Arris Cable Modem; Martinelli v. Johnson & Johnson; Hudock v. LG; Koenig v. Vizio; Banh v. American Honda; Maldonado v. Apple; and Kaupelis v. Harbor Freight.*

3.    I received graduate level training in conjoint analysis as part of my MBA.  I take continuing education in advanced conjoint design, execution, and analysis through Sawtooth Software, a leading provider of conjoint analysis software.

## II. ENGAGEMENT

4.    I provide this declaration in connection with the case filed by Plaintiff Sherris Minor ("Plaintiff") in the above-captioned action against Defendants Baker Mills, Inc., and Kodiak Cakes, LLC (hereinafter "Kodiak" or "Defendants") as it relates to certain Kodiak Products.[1]  I make this declaration based upon my own personal knowledge and, if called as a witness in this action, I would be able to competently testify as to the facts and opinions set forth herein.

5.    Plaintiff alleges that a putative Class of individuals purchased Kodiak products labeled as providing specific amounts of protein per serving, when, in actuality, the Kodiak Products do no deliver the amount of protein that the labels claim ("the Misrepresentation").[2]

6.    Plaintiff alleges that the Misrepresentation resulted in the payment of an inflated price for the Kodiak Products at the time and point of purchase.

7.    Among other things, I have been asked by Counsel for Plaintiff to determine whether it would be possible to calculate economic damages on a class-wide basis, if any, in this litigation, and if so, to set forth a framework for such a calculation of those damages.  As part of my work on damages, I have been asked to work with Steven Gaskin to help design (from an

---

[1] The Products are all Kodiak Cakes products that made a representation regarding the grams of protein per serving on the principal display panel of the product labels during the Class Period.  A non-exhaustive list is attached as Exhibit B to the First Amended Complaint filed January 4, 2021 (the "Complaint").

[2] Complaint.



Declaration of Colin B. Weir
August 2, 2021
Page 3 of 16

economic perspective), and to evaluate the economic suitability of a conjoint survey (to be designed, implemented, and analyzed by Gaskin) to measure the price premium for the Kodiak Products at the time and point of sale as a result of the Misrepresentation.

8.   ETI is being compensated at the rate of $750 per hour for my work on this case. The opinions expressed in this declaration are my own, and my compensation is not dependent upon the substance of these opinions or the outcome of the litigation.

9.   The documents, data and other materials that I relied upon in forming my opinions are identified throughout my report, and in Exhibit 2, attached hereto. In addition, I have relied upon my educational background and more than 17 years of experience.

### III.  FRAMEWORK FOR DAMAGES

10.   As a threshold matter, it is my opinion that it is possible to determine class-wide damages in this case using Defendant's own available business records, third-party records, industry resources, and the conjoint analysis that is to be designed, conducted, and analyzed by Gaskin.

11.   Below, I propose the use of conjoint analysis to calculate any Price Premium Damages (wherein consumers would receive back the difference between the price they paid for the Kodiak Products and the value of those Products without the Defendants' Misrepresentation).

12.   This methodology can determine the damages across any of the challenged Kodiak Products, prescribed time period, and across any specific states or other defined geographic regions, given any of the possible liability scenarios that may arise is this litigation.

### IV.  CALCULATION OF PRICE PREMIUM
### DAMAGES: CONJOINT ANALYSIS

13.   In this litigation, damages for the Class can be measured as the price premium paid for the Kodiak Products, if any, solely attributable to the Misrepresentation.



Declaration of Colin B. Weir
August 2, 2021
Page 4 of 16

14.   Conjoint analysis is a representative survey technique that permits an economist to analyze the value of various product attributes.[3]   Conjoint analysis can be used to determine market valuation/attribute information for a given product or attribute.   Conjoint analysis is founded on rigorous statistical and economic principles, and is not required to be used as part of a traditional marketing program.[4]   Indeed, conjoint analysis has been used in litigation contexts to calculate damages for years.[5]

15.   It is well known that conjoint analysis has a long history of use in the consumer goods industries.[6]

---

[3] Conjoint analysis as a discipline is quite broad, and can be used to facilitate many other sorts of research beyond the specific application that I discuss here.

[4] *See, e.g.*, Sawtooth Software technical papers, available online at http://www.sawtoothsoftware.com/support/technical-papers; *When "All Natural" May Not Be*, Analysis Group Forum (Winter 2013) https://www.analysisgroup.com/Insights/ag-feature/analysis-group-forum/winter-2013-forum/when-all-natural-may-not-be/ (last accessed August 2, 2021).

[5] *Applying Conjoint Analysis to Legal Disputes: A Case Study*, Wind, Yoram, *et al*.; *When "All Natural" May Not Be*, Analysis Group Forum (Winter 2013) http://www.analysisgroup.com/forums/winter-2013/when-all-natural-may-not-be/ (last accessed August 2, 2021); *see, e.g., Khoday v. Symantec Corp.*, 2014 WL 1281600, at *10 (D. Minn. March 13, 2014); *Sanchez-Knutson v. Ford Motor Company*, 310 F.R.D. 529, 538-39 (S.D. Fl. 2015); *In re: Lenovo Adware Litigation*, 2016 WL 6277245, at *21 (N.D. Cal. Oct. 27, 2016); *Guido v. L'Oreal, USA, Inc.*, 2014 WL 6603730, at *5, *10-*14 (C.D. Cal. July 24, 2014); *Brown v. Hain Celestial Group, Inc.*, 2014 WL 6483216, at *19 (N.D. Cal. Nov. 18, 2014);  *Microsoft v. Motorola, Inc.*, 904 F.Supp.2d 1109, 1119-20 (W.D. Wa. 2012); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 413-15 (S.D.N.Y. 2015); *Dzielak v. Maytag*, 2017 WL 1034197, at *6 (D. NJ. March 17, 2017); *TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1022 & n.6 (N.D. Cal. 2013); *Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc.*, 2018 WL 3126385 (N.D. Cal. June 26, 2018);  *In Re Arris Cable Modem Consumer Litig.*, 2018 WL 3820619, at *25-*31 (N.D. Cal. Aug. 10, 2018); *Hadley v. Kellogg Sales Co.*, 2018 WL 3954587, at *11-*16 (N.D. Cal. Aug. 17, 2018); *Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019); *Krommenhock v. Post Foods, LLC*, 2020 U.S. Dist. LEXIS 40463 (N.D. Cal. Mar. 9, 2020); *Hudock v. LG Elecs. USA, Inc.*, 2020 U.S. Dist. LEXIS 54994 (D. Minn. Mar. 30, 2020); *Koenig v. Vizio, Inc.*, Los Angeles Superior Court Case No. BC702266 (L.A. Super. Ct. Aug. 24, 2020); *Banh v. American Honda Motor Co.*, Inc., 2020 WL 4390371 (C.D. Cal. July 28, 2020); *Kaupelis v. Harbor Freight Tools, Inc.*, 2020 WL 5901116 (C.D. Cal. Sep. 23, 2020); *McMorrow v. Mondelez*, 2021 WL 859137 (S.D. Cal. Mar. 8, 2021); *de Lacour v. Colgate-Palmolive Co.*, 2021 WL 1590208 (S.D.N.Y. Apr. 23, 2021); *Bailey v. Rite Aid Corp.*, 2021 WL 1668003 (N.D. Cal. Apr. 28, 2021).

[6] *Getting Started with Conjoint*, Bryan Orme, 2014, at 145-147.



Declaration of Colin B. Weir
August 2, 2021
Page 5 of 16

16.   In a typical conjoint analysis, survey panelists are confronted with various choices of product attributes, prices, and other alternatives, and asked either to rank their preferences, or to choose the most preferred attribute or combination thereof.

17.   Through conjoint analysis, by systematically varying the attributes of the product and observing how respondents react to the resulting product profiles, one can statistically deduce information about the individual attributes.

18.   Statistical methods (including regression analysis) are then applied to the survey responses to calculate attribute value.[7]

19.   Conjoint analysis has a long history of use in industry and is widely accepted and relied upon by enterprises such as Procter & Gamble, Microsoft, General Motors, Ford, and Google.[8]  Conjoint is also widely respected by academics and is a regular part of the curriculum at universities world-wide, such as Duke, Ohio State, Northeastern, University of South Australia, NYU, and University of California.

20.   The use of conjoint analysis in similar applications is too extensive to document exhaustively here.

21.   Conjoint analysis, as a survey tool, does not rely on an existing data set for its analysis because it relies on data generated through the survey process.  Common conjoint analysis software would permit the administration of a representative sample survey, and the analysis of the results therefrom.

22.   No individualized analyses, or Class-Member-specific inquiry is required.  All relevant data needed to complete the conjoint analysis is Class-wide, common evidence.

---

[7] *See, e.g.*, Getting Started With Conjoint.

[8] *Id.*

ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
August 2, 2021
Page 6 of 16

**Price Premium: The Gaskin Conjoint Survey**

23.   I have been provided with, and have reviewed, the Declaration of Steven Gaskin.[9] Mr. Gaskin has worked in the field of market research and marketing science models since 1982. Mr. Gaskin is an award-winning, published, practitioner of conjoint analysis.  I understand that Mr. Gaskin has been asked to design and execute a conjoint survey and market analysis that would assess the price premium for the Kodiak Products resulting from the Misrepresentation at the time and point of purchase.

24.   The Gaskin Declaration describes how conjoint analysis has been used to determine the price premium at the point of purchase resulting from the Misrepresentation.

25.   I worked with Mr. Gaskin to develop parts of the survey.

26.   Mr. Gaskin measures the price premium (measured in percentage terms) at the time and point of first sale solely attributable to the Misrepresentation through the use of a Labels attribute[10] and price[11] along with several distractor attributes.  Gaskin's survey includes market-based price points derived, at least in part, retailer websites and from sales data from IRI, which I have also reviewed.[12]  Gaskin also considered information specific to Kodiak Products and competitors when selecting the other attributes and levels for inclusion in the conjoint.[13] Gaskin has also taken into account the fact that the number of Kodiak Products sold during the class period is a known fact, and is fixed as a matter of history.[14]

---

[9] Declaration of Steven P. Gaskin, August 2, 2021, ("Gaskin Declaration").

[10] Gaskin Declaration, at paras 26, 30, and 50.

[11] *Id*., at 26-30, 50.

[12] *Id*., at paras 30.

[13] *Id*., at paras 30 *et seq.*

[14] *Id*., at para 27.



Declaration of Colin B. Weir
August 2, 2021
Page 7 of 16

27.  Gaskin's Labels attribute draws its levels from the Complaint, discussions with Plaintiff's Counsel, and from an understanding of Plaintiff's stated theory of liability.[15]

28.  In addition to these factors that influenced the Gaskin Survey design, after the completion of the survey, the results are calculated using Hierarchical Bayes regression.[16]  The use of Hierarchical Bayes regression provides for, among other factors, the ability to estimate better market-level results from a conjoint survey.

29.  After reviewing the Gaskin Declaration, the methodology that Gaskin employed for the conjoint survey, and the documentary evidence relied upon by Gaskin and incorporated into the survey design, it is my opinion that Gaskin's conjoint survey is capable of measuring the price premium for the Kodiak Products at the time and point of sale as a result of the Misrepresentation.  The survey design is especially economically suitable given Gaskin's use of market based prices, and considerations given as to the fixed quantity of Kodiak Products sold that are part of the Class definition.

**Supply Side Considerations**

30.  I understand that Mr. Gaskin has considered and accounted for supply side factors in his conjoint survey.[17]

31.  I have also considered supply side factors in my damages framework.  First, unlike in a Lanham Act or intellectual property litigation where a but-for quantity of sales may need to be determined, in this litigation, the historic number of units sold is a fact (as I have discussed above) and in this litigation, it would be antithetical to the reality of the actual Class purchases to

---

[15] *Id.,* at para 31.

[16] *Id*., at paras 18, 21-22, 57.

[17] *See, e.g., id*., at paras 17, 26-30, 50.

ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
August 2, 2021
Page 8 of 16

suggest that the quantity supplied be anything other than the actual number of units sold by Kodiak and purchased by Class members.

32.   Moreover, it is the retailers and not Kodiak that set the price for the Kodiak Products, and did so in a competitive environment.

33.   Furthermore, if one were to assume, *arguendo*, that Defendants would not have lowered the price in concert with demand (indicating that Defendants priced above the market clearing price), then the economic outcome would be that many or all of the purchases would not have taken place at all.  As such, the price premium calculated by Mr. Gaskin is an inherently conservative measure.

34.   I worked closely with Mr. Gaskin to ensure that his survey is appropriately designed to measure the true price premium paid at the point of purchase solely attributable to the Misrepresentation.

35.   Mr. Gaskin and I have had several discussions concerning the design of his survey where I provided input based upon economic concepts, and sales and market data.  We have also had several discussions concerning how the results of his survey should be interpreted and applied.

36.   One of the most important and most frequent topics of discussion between Mr. Gaskin and me was the data on actual sales of the Kodiak Products in the real-world marketplace. These real-world transactions occurred at prices that *already* reflect the supply side factors then extant in the marketplace.  I understand that Mr. Gaskin relied upon these historical data in setting the prices used in his conjoint survey.  We also discussed that variability in pricing indicate that retailers' pricing has been responsive to changing market forces.

37.   Another important supply-side factor that Mr. Gaskin and I discussed was the fact that the quantity of the Kodiak Products supplied is a known quantity, and fixed as a matter of history, which Mr. Gaskin accounts for in his market simulations.



Declaration of Colin B. Weir
August 2, 2021
Page 9 of 16

38.   We discussed that Kodiak does not control the retail price paid by consumers, which I have considered in my market analysis as discussed below.

39.   Similarly, another important supply-side factor that Mr. Gaskin and I discussed was that, as I discuss below, the market for the Kodiak Products is an "ordinary" and mature market, subject to competitive pressures that retailers of Kodiak Products identified as risks to their business.  The market for packaged foods has been in operation for decades.

40.   Packaged foods are produced by a number of manufacturers, and sold by myriad retailers.  The market is highly competitive, and subject to ordinary market conditions, such as changes in consumer demand that affect price.  For example, Walmart has warned investors that:

> We face strong competition from other retailers and wholesale club operators which could materially adversely affect our financial performance.
>
> We compete in a variety of ways, including the prices at which we sell our merchandise […] A failure to respond effectively to competitive pressures and changes in the retail markets or delays or failure in execution of our strategy could materially adversely affect our financial performance.
>
> Our failure to adequately or effectively respond to changing consumer tastes, preferences and shopping patterns, or any other failure on our part to timely identify or effectively respond to changing consumer tastes, preferences and shopping patterns could negatively affect our relationship with our customers, the demand for the products we sell, our market share and the growth of our business.[18]

---

[18] Walmart, Inc., Form 10-K Annual Report filed with the US Securities and Exchange Commission, March 28 2019.



Declaration of Colin B. Weir
August 2, 2021
Page 10 of 16

41.   Target notes that:

> We compete with traditional and internet retailers, including off-price general merchandise retailers, apparel retailers, wholesale clubs, category specific retailers, drug stores, supermarkets, and other forms of retail commerce. Our ability to positively differentiate ourselves from other retailers and provide compelling value to our guests largely determines our competitive position within the retail industry.

> In the past, we have been able to compete successfully by differentiating our guests' shopping experience through a careful combination of price, merchandise assortment, store environment, convenience, guest service, loyalty programs, and marketing efforts.[19]

42.   Safeway indicates that:

> ***Competitive Industry Conditions***

> We face strong competition from traditional grocery retailers, non-traditional competitors such as supercenters and club stores, as well as from specialty and niche supermarkets, drug stores, dollar stores, convenience stores and restaurants.  Increased competition may have an adverse effect on profitability as the result of lower sales, lower gross profits and/or greater operating costs.

> Our ability to attract customers is dependent, in large part, upon a combination of location, quality, price, service, selection and condition of assets. In each of these areas, traditional and non-traditional competitors compete with us and may successfully attract our customers to their stores by aggressively matching or exceeding what we offer.  In recent years, many of our competitors have increased their presence in our markets.  Our responses to competitive pressure, such as additional promotions and increased advertising, could adversely affect our profitability.  We cannot guarantee that our actions will succeed in gaining or maintaining market share.  Additionally, we cannot predict how our customers will react to the entrance of certain non-traditional competitors into the grocery retailing business.

> Because we face intense competition, we need to anticipate and respond to changing consumer demands more effectively than our competitors.  We strive to achieve and maintain favorable recognition of our unique private-label

---

[19] Target Corp., Form 10-K Annual Report filed with the US Securities and Exchange Commission, March 13, 2019.



Declaration of Colin B. Weir
August 2, 2021
Page 11 of 16

brands, effectively market our products to consumers, competitively price our products and maintain and enhance a perception of value for consumers. Finally, we need to source and market our merchandise efficiently and creatively.  Failure to accomplish these objectives could impair our ability to compete successfully and adversely affect our growth and profitability.[20]

43.  Kroger reports:

**COMPETITIVE ENVIRONMENT**

The operating environment for the food retailing industry continues to be characterized by intense price competition, aggressive expansion, increasing fragmentation of retail and online formats, entry of non-traditional competitors and market consolidation.  We have developed a strategic plan that we believe provides a balanced approach that will enable us to meet the wide-ranging needs and expectations of our customers in this challenging economic environment.  However, the nature and extent to which our competitors implement various pricing and promotional activities in response to increasing competition, including our execution of our strategic plan, and our response to these competitive actions, can adversely affect our profitability.  Our profitability and growth have been, and could continue to be, adversely affected by changes in the overall economic environment that affect consumer spending, including discretionary spending.[21]

44.  The Kodiak Products are sold by many retailers.  These are ordinary, traditional retailers that set their prices based upon current market conditions.

45.  The market for the Kodiak Products is not price regulated.  The market for the Products is not restricted.

46.  Pricing in the packaged food market operates as in an ordinary market: prices are established in the marketplace, and consumers can choose to buy at the prices set in the market or not; there are no insurance intermediaries, co-payments, or other such complexities.

---

[20] Safeway Inc. 2015 10-K Annual Report filed with the US Securities and Exchange Commission.

[21] The Kroger Co. 2016 10-K Annual Report filed with the US Securities and Exchange Commission.


ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
August 2, 2021
Page 12 of 16

**The Conjoint Price Premium Percentage**

47.   The Gaskin Declaration sets forth the results of the conjoint analysis performed by Mr. Gaskin.  Mr. Gaskin has identified a conservative price premium of approximately 15.5% for the Selected Kodiak Products marketed as "14g protein per serving" versus ██████████, due solely to the Misrepresentation.[22]  Gaskin has indicated that his conjoint analysis is designed such that this percentage factor "applies across all specified class products during this class period."[23]

48.   The results of Gaskin's conjoint also serve as an indicia of the materiality of the Misrepresentation.  If the Misrepresantation is not material, we would not expect to see a corresponding change in market value.  In other words, the finding of a change in market value demonstrates that the Misrepresentation was sufficiently material to cause a change in the market price.

## V.  TOTAL SALES OF THE KODIAK PRODUCTS

49.   I have been provided with retail sales data from Information Resources, Inc. ("IRI"). Using these data, I have estimated the sales to the Class.  Below, in Table 1, I present the total sales of the Selected Class Products, as well as for all Class Products (inclusive of the Selected Products).

| Table 1. | | |
|---|---|---|
| **California Sales of the Class Products, February 2015 - February 2021** | | |
| | **Unit Sales** | **Dollar Sales** |
| Selected Class Products | ██████ | ██████ |

---

[22] Gaskin Declaration, at paras 14, 64.

[23] *Id*., at footnote 60.



Declaration of Colin B. Weir
August 2, 2021
Page 13 of 16

| Table 1. | | |
|---|---|---|
| **California Sales of the Class Products, February 2015 - February 2021** | | |
| | **Unit Sales** | **Dollar Sales** |
| Class Products | ████ | ████ |

50.  I would anticipate updating/supplementing this data prior to trial to match the class

period as ultimately approved.


## VI.  CALCULATION OF DAMAGES

51.  This litigation calls for the following damages calculations:

- Price Premium Damages -- wherein consumers would receive the difference
  in the economic value of a Kodiak Product, at the time and point of sale, with
  the Misrepresentation compared to the value of an otherwise identical Kodiak
  Product without the Misrepresentation.

I use the term Price Premium Damages above in colloquial sense, not in a legal sense.  The price

premium framework that I have specified can be used to measure actual damages on a class wide

damages as well as measuring restitution damages.[24]


**Price Premium Damages**

52.  After completing all of the work as discussed above, the final calculation of total

price premium damages in this litigation will be straightforward.

53.  Under a damages framework awarding Price Premium Damages, Class-wide

economic damages are easily calculated as:

---

[24] The proper calculation of restitution in this case is price paid versus value received. I have been informed that
under California law, where a plaintiff obtains value from the product, the proper measure of restitution is "[t]he
difference between what the plaintiff paid and the value of what the plaintiff received." *In re Vioxx Class Cases*, 180
Cal.App.4th 116, 103 Cal.Rptr.3d 83, 96 (2009); *see also In re Tobacco Cases II*, 192 Cal.Rptr.3d at 894



Declaration of Colin B. Weir
August 2, 2021
Page 14 of 16

$$Average\ Purchase\ Price\ per\ Product$$

$$\times\ Price\ Premium\ \%$$

$$\times\ Number\ of\ Products\ Sold$$

$$=\ Price\ Premium\ Damages$$

The Price Premium Damages calculation may be calculated with mathematical equivalency[25] as:

$$Total\ Sales\ of\ the\ Products$$

$$\times\ Price\ Premium\ \%$$

$$=\ Price\ Premium\ Damages$$

54.   With the data presently available to me I have calculated overpayment Damages using the Gaskin Conjoint price premium amount.  These calculations are shown below in Table 2.

| Table 2. California Overpayment Damages | | | |
|---|---|---|---|
|  | **Dollar Sales** | **Gaskin Overpayment %** | **Damages** |
| Selected Class Products | ███ | ███ | ███ |

55.   If Mr. Gaskin's result for the Selected Class Products was projectable to all Class Products, total California classwide damages would be approximately ███

---

[25] The total sales of the Products are of course equal to the product of the average price and the number of Products sold.


ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
August 2, 2021
Page 15 of 16

## VII.  INDIVIDUAL INQUIRY IS NOT REQUIRED

**Variations in purchase price do not alter the calculation of total, class-wide damages**

56.   Variations in purchase price do not prevent the calculation of class-wide damages. Such variations in price are captured in the sales data used for analysis and price variations are an element of conjoint surveys.  Such variations are also inapposite to the calculation of class-wide damages, because the ultimate method of distribution or allocation of damages to individuals during claims administration or a settlement does not alter the calculation of total, class-wide damages.

57.   Class-wide damages under a price premium model can be calculated from the bottom up as the sum of individual damages (as defendants often assert), or can be calculated from the top down, without individual inquiry, by finding the percentage price premium for the Misrepresentation and then multiplying the price premium by the dollars sold (as discussed in detail above).  As outlined above, I propose to use the latter technique, obviating the need for individual inquiry.

58.   Ultimately, no matter the method by which damages are distributed, it does not affect the calculation of, or the total amount of class-wide damages in this litigation.

**Individual behavior or use of the Kodiak Products is irrelevant to the determination of class-wide damages**

59.   Calculating a price premium does not depend on individual behaviors or uses of the Kodiak Products.  If the market price for the Kodiak Products was higher as a result of the Misrepresentation, then ALL consumers will have paid a higher price than if the Misrepresentation had not been made.  How any individual consumer uses the Kodiak Products will not impact the market price or the price premium, which will have been paid and experienced by all consumers.



Declaration of Colin B. Weir
August 2, 2021
Page 16 of 16

**Individual reasons for purchase do not change the price, or price premium experienced by an individual**

60.   Individual reasons for purchase are irrelevant to damages in this case, because a consumer's individual reasons for purchase do not change the price paid by that individual.  As I have discussed above, if there is a price premium paid for the Kodiak Products as a result of the Misrepresentation, and a consumer buys such an Kodiak Product, he or she will pay the market price, and will experience the price premium regardless of the consumer's reasons for purchase, because those individual reasons for purchase do not change the price that will have been paid.

61.   Even if a consumer bought a Kodiak Product with the intention to immediately throw that Kodiak Product in the trash and make no use of it at all, the consumer has been harmed because she paid more for the Kodiak Product than she would have but for the Misrepresentation.

## VIII.  RESERVATION OF RIGHTS

62.   My testimony is based upon the information and data presently available to me. Additional, different and/or updated data including market research data may be obtained in advance of trial.  I therefore reserve the right to amend or modify my testimony.

### VERIFICATION

The facts and or data upon which I base the opinions and inferences in this report are of a type reasonably relied upon by experts in the field of economics.  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this declaration was executed at Tisbury, Massachusetts this 2nd day of August, 2021.

Colin B. Weir

ECONOMICS AND
TECHNOLOGY, INC.

# Exhibit 1

# Statement of Qualifications
# of

# COLIN B. WEIR

## Statement of Qualifications

## COLIN B. WEIR

Colin B. Weir is Vice President at Economics and Technology, Inc.  Mr. Weir conducts economic, statistical, and regulatory research and analysis, and testifies as an expert witness. Mr. Weir's work involves econometric and statistical analysis, multiple regression, surveys, statistical sampling, micro- and macroeconomic modeling, accounting and other economic analysis.  Such analysis often involves analysis of databases, call detail records, and other voluminous business records.  Mr. Weir is familiar with common statistical and econometric software packages such as STATA and Sawtooth Software.  Mr. Weir assists with analysis of economic, statistical and other evidence; and preparation for depositions, trial and oral examinations.  Mr. Weir has provided expert testimony before federal and state courts, the FCC, and state regulatory commissions, and has contributed research and analysis to numerous ETI publications and testimony at the state, federal, and international levels.  Prior to joining ETI, Mr. Weir worked at Stop and Shop Supermarkets as a cash department head, grocery/receiving clerk, and price-file maintenance head.

Mr. Weir's experience includes work on a variety of issues, including: economic harm and damage calculation; liquidated damages provisions; lost profits; false claims; diminution in value; merger/antitrust analysis; Early Termination Fees (ETFs); Late Fees; determination of Federal Excise Tax burden; and development of macroeconomic analyses quantifying the economic impact of corporate actions upon the US economy and job markets.

Mr. Weir has conducted research and analysis in numerous litigation and regulatory matters on behalf of corporate, government and individual clients, including AT&T, MTS Allstream (Canada), The US Department of Justice, Office of the Attorney General of Illinois, Pennsylvania Department of Revenue,  Thomas v. Global Vision, (class action litigation, Superior Court, County of Alameda), Ayyad v. Sprint (class action litigation,  Superior Court, County of Alameda), Forcellati v. Hylands (class action, U.S. District Court, Central District of California), and Ebin v. Kangadis Foods (class action, U.S. District Court, Southern District of New York).

Mr. Weir holds an MBA with honors from Northeastern University.  He also holds a Bachelor of Arts degree *cum laude* in Business Economics from The College of Wooster.

Mr. Weir is a member of the Boston Economic Club, a business member of the Boston Bar Association, serves on the Board of Trustees of the Waring School, and serves as the comptroller for the Sybaris Investment Partnership.

ECONOMICS AND
TECHNOLOGY, INC.

**Publications and Testimony of Colin B. Weir**

Mr. Weir has co-authored the following:

*Interoperability and Spectrum Efficiency: Achieving a Competitive Outcome in the US Wireless Market* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, July 2012.

*The Price Cap LECs' "Broadband Connectivity Plan": Protecting Their Past, Hijacking the Nation's Future* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, September 2011.

*Regulation, Investment and Jobs: How Regulation of Wholesale Markets Can Stimulate Private Sector Broadband Investment and Create Jobs* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of Cbeyond, Inc., Covad Communications Company, Integra Telecom, Inc., PAETEC Holding Corp, and tw telecom inc., February 2010.

*Revisiting Us Broadband Policy: How Re-regulation of Wholesale Services Will Encourage Investment and Stimulate Competition and Innovation in Enterprise Broadband Markets*, (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, February 2010.

*Longstanding Regulatory Tools Confirm BOC Market Power: A Defense of ARMIS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, January 2010.

*Choosing Broadband Competition over Unconstrained Incumbent Market Power: A Response to Bell and TELUS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, April 2009.

*The Role of Regulation in a Competitive Telecom Environment: How Smart Regulation of Essential Wholesale Facilities Stimulates Investment and Promotes Competition* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, March 2009.

*Special Access Overpricing and the US Economy: How Unchecked RBOC Market Power is Costing US Jobs and Impairing US Competitiveness* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, August 2007.

*The AWS Spectrum Auction: A One-Time Opportunity to Introduce Real Competition for Wireless Services in Canada* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, June 2007.

*Comparison of Wireless Service Price Levels in the US and Canada* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of MTS Allstream, May 2007.



*Hold the Phone! Debunking the Myth of Intermodal Alternatives for Business Telecom Users In New York* (with Susan M. Gately and Lee L. Selwyn) Economics and Technology, Inc., prepared for the UNE-L CLEC Coalition, August 2005.

Mr. Weir has submitted the following testimony during the last four years:

**In the Court of Claims, for the State of Ohio,** *Lily Zahn v. Ohio University*, Case No. 2020-00371JD, and *Gila Duke, individually and on behalf of all others similarly situated, v. Ohio University*, Case No. 2021-00036JD, on behalf of Bursor & Fisher, P.A., Declaration submitted July 30, 2021.

**In the Court of Claims, for the State of Ohio,** *Brooke Smith, individually and on behalf of all others similarly situated, v. The Ohio State University*, Case No. 2020-00321JD, on behalf of Bursor & Fisher, P.A., Declaration submitted June 24, 2021.

**United States District Court, Eastern District of California,** *Felix Obertman, individually and on behalf of all others similarly situated, v. Electrolux Home Products, Inc.*, Case No. 2:19-cv-02487-KJM-AC, on behalf of Bursor & Fisher, P.A., Declaration submitted on June 14, 2021

**United States District Court, Central District of California,** *Delaney Sharpe, Erin Weiler, Jenna Leder, and Adriana DiGennaro, on behalf of themselves and all others similarly situated, v. GT's Living Foods, LLC*, Case No. 2:19-cv-10920-FMO-GJS, on behalf of Bursor & Fisher, P.A., Declaration submitted on June 2, 2021; Deposition on June 30, 2021.

**United States District Court, Southern District of New York,** *In re: Elysium Health - ChromaDex Litigation*, Case No. 1:17-cv-07394-LJL, on behalf of Frankfurt Kurnit Klein & Selz PC, Declaration submitted on April 20, 2021; Deposition, on April 26, 2021; Declaration submitted on June 4, 2021.

**United States District Court, Southern District of Texas, Corpus Christi Division,** *Darren Fulton and Craig Jude Broussard, each plaintiff is a citizen of the State of Texas, and each plaintiff individually and on behalf of all others similarly situated, v. Ford Motor Company*, Case No. 2:18-cv-00456, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on March 15, 2021; Deposition on April 16, 2021; Reply Declaration submitted on July 21, 2021.

**United States District Court, Southern District of California,** *Michael Testone, Collin Shanks, and Lamartine Pierre, on behalf of themselves, all others similarly situated, and the general public,v. Barlean's Organic Oils, LLC,* Case No. 3:19-cv-00169-JLS-BGS, on behalf of Law Offices of Jack Fitzgerald, Declaration submitted on March 1, 2021; Reply Declaration submitted on May 27, 2021.



**In The United States District Court, For the District of New Hampshire,** *Derick Ortiz, individually and on behalf of all others similarly situated, v. Sig Sauer, Inc.*, Case No.: 1:19-cv-01025-JL, on behalf of Bursor & Fisher, P.A., Declaration submitted on February 26, 2021; Rebuttal Declaration submitted on July 28, 2021.

**United States District Court, Western District of Washington,** *Tamara Lohr and Ravikiran Sindogi, on behalf of themselves and all others similarly situated, v. Nissan North America, Inc., and Nissan Motor Co., LTD.*, Case No.: 2:16-cv-01023-RSM and United States District Court, Northern District of California, San Francisco Division, *Sherida Johnson, Subrina Seenarain, Chad Loury, Linda Spry, Lisa Sullivan, and April Ahrens on behalf of themselves and all others similarly situated, v. Nissan North America, Inc.*, Case No.: 3:17-cv-00517-WHO, on behalf of Simmons Hanly Conroy LLC; Declaration submitted on February 16, 2021; Deposition on May 5, 2021.

**Superior Court of the State of California, County of Alameda,** *Donna Connary, Zoriana Pawluk-Florio, Adrienne Andry, and Paul Terrecillas, on behalf of themselves and all others similarly situated, v. S.C. Johnson & Son, Inc.*, Case No. RG20061675, on behalf of Feinstein Doyle Payne & Kravec, LLC; Declaration submitted on February 16, 2021.

**United States District Court, Western District of New York,** *In re: Rock 'N Play Sleeper Marketing, Sales Practices, and Products Liability Litigation*, Case MDL No. 1:19-md-2903, on behalf of Beasley Allen Law Firm, Declaration submitted on February 8, 2021; Deposition on March 11, 2021.

**Superior Court for The State of California, County of Los Angeles,** *Daniel Prescod, individually and on behalf of all others similarly situated, v. Celsius Holdings, Inc. and Does 1 through 10, inclusive*, Case No. 19STCV09321, on behalf of Clarkson Law Firm, P.C.; Declaration submitted on December 23, 2020; Deposition on April 14, 2021; Reply Declaration submitted on July 1, 2021.

**United States District Court, Central District of California,** *Sharon Willis, individually and on behalf of all others similarly situated, v. Colgate-Palmolive Co.*, Case No. 2:19-cv-08542-JGB-RAOx, on behalf of Bursor & Fisher, P.A.; Declaration submitted on December 17, 2020; Deposition on March 30, 2021; Reply Declaration submitted on July 15, 2021.

**United States District Court, Northern District of California,** *Gordon Noboru Yamagata, and Stamatis F. Pelardis, individually and on behalf of all others similarly situated, v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529-VC, on behalf of Blood, Hurst, & O'Reardon, LLP, Expert Report submitted December 4, 2020; Expert Report submitted December 15, 2020; Deposition on January 19, 2021.

**In the United States Court of Federal Claims,** *Bryndon Fisher, individually and on behalf of all others similarly situated, v. The United States of America,* Case No. 15-1575C, on behalf of Schubert Jonckheer & Kolbe, Declaration submitted on December 3, 2020.



**United States District Court, for the Southern District of Ohio, Western Division,** *Laura Bechtel and Troy Thoennes, on behalf of themselves and all others similarly situated, v. Fitness Equipment Services, LLC, dba SOLE Fitness*, Case No. 1:19-cv-00726-MRB, on behalf of Markovits, Stock & DeMarco, LLC, Declaration submitted on December 2, 2020; Reply Declaration submitted on June 14, 2021.

**United States District Court, Northern District of California,** *Thomas Bailey, on behalf of himself and all others similarly situated, v. Rite Aid Corporation*, Case No. 4:18-cv-06926-YGR, on behalf of Greg Coleman Law, Declaration submitted October 19, 2020; Deposition on December 10, 2020; Reply Declaration submitted on March 16, 2021.

**United States District Court, Northern District of California,** *Jeremiah Revitch, individually and on behalf of all others similarly situated, v. New Moosejaw, LLC and Navistone, Inc.*, Case No. 3:18-cv-06827-VC, on behalf of Bursor & Fisher P.A., Declaration submitted on September 28, 2020, Deposition on November 20, 2020.

**United States District Court, Southern District of Florida,** *Javier Cardenas, Rodney and Pamela Baker, Michelle Monge, and Kurt Kirton, individually and on behalf of all others similarly situated, v. Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Southeast Toyota Distributors, LLC*, Case No.: 18-cv-22798-CIV-FAM, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on September 17, 2020; Declaration submitted on October 20, 2020; Deposition on November 12, 2020; Rebuttal Declaration submitted on November 24, 2020; Supplemental Declaration submitted on December 8, 2020; Rebuttal Declaration filed on December 9, 2020.

**United States District Court, Northern District of California,** *Ralph Milan, Sarah Aquino, and Elizabeth Arnold, on behalf of themselves, those similarly situated and the general public, v. Clif Bar & Company,* Case No. 3:18-CV-02354-JD, on behalf of Law Office of Paul K. Joseph, PC, Declaration submitted on September 17, 2020; Deposition on October 23, 2020; Reply Declaration submitted on November 27, 2020; Declaration submitted on March 2, 2021; Declaration submitted on April 9; Deposition on May 7, 2021.

**Superior Court of The State of California, County of Orange,** *William Brady, on behalf of himself and all others similarly situated, v. Bayer AG; Bayer Corporation; Bayer Healthcare LLC; and Does 1 through 10, inclusive*, Case No. 0-2016-00839608-CU-MC-CXC, on behalf of Wolf Haldenstein Adler Freeman & Herz LLP, Declaration submitted on September 9, 2020; Deposition on December 4, 2020.

**United States District Court, for the Southern District of New York,** *Matthew Chamlin, individually and on behalf of all others similarly situated, v. Johnson & Johnson and McNeil Nutritionals, LLC*, Case No. 1:19-cv-03852-AJN-DCF, on behalf of Bursor & Fisher P.A., Declaration submitted on August 14, 2020.



**United States District Court, Northern District of California, San Francisco Division,** *Daniel Zeiger, Individually, and on Behalf of All Others Similarly Situated, v. Wellpet LLC, A Delaware Corporation*, Case No. 3:17-CV-04056-WHO, on behalf of Gustafson Gluek PLLC, Declaration submitted on June 29, 2020.

**United States District Court, Central District of California, Western Division,** *Roberta Bilbrey, Jimmy Banh, Lawrence Goldman, Mark Peoples, Jamal Samaha, George Quinlan, Kara Drath, Gary Hanna, Sarah Gravlin, Caitlin Kremer, Cindy Ortiz, Alexis Chisari, Robert Moss, Michael Brumer, Dave Jahsman, John Bartholomew, Vimal Lawrence, Kayce Kleehamer, Mark Klein, Brian Klein, Charles Denaro, Adam Pryor, Srikarthik Subbarao, Daniel Allan, Paul Gonzales, Eric Faden, Hamilton Hines, And Kristen Gratton, on behalf of themselves and all others similarly situated, v. American Honda Motor Co., Inc., a California Corporation*, Case No.: 2:19-cv-05984 RGK (ASx), on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on April 9, 2020; Reply Declaration submitted on May 18, 2020; Deposition on June 12, 2020; Declaration submitted July 24, 2020.

**United States District Court, Central District of California,** *Will Kaupelis and Frank Ortega, individually and on behalf of all others similarly situated, v. Harbor Freight Tools, Inc.*, Case No. 8:19-cv-1203-JVS-DFM, on behalf of Bursor & Fisher, P.A., Declaration submitted on March 2, 2020; Deposition on May 28, 2020; Reply Declaration submitted on September 8, 2020.

**Superior Court of the State of California, County of Los Angeles,** *Jeffrey Koenig, on behalf of himself and all others similarly situated, v. Vizio, Inc.*, Case No. BC 702266, on behalf of Greg Coleman Law, Declaration submitted February 27, 2020; Deposition on April 30, 2020; Reply Declaration submitted on July 13, 2020.

**United States District Court, Northern District of California, San Francisco Division,** *Kym Pardini and Carrie Wood, on behalf of themselves and all others similarly situated, v. Unilever United States, Inc., a Delaware corporation*, Case No. 3:13-cv-01675-SC, on behalf of the Eureka Law Firm, Declaration submitted on February 21, 2020.

**United States District Court, Northern District of California, San Francisco Division,** *Jennifer Nemet, Norbert Kahlert, Angela Matt Architect, Inc., Eddie Field, Tonya Dreher, Adam Schell, Bryan Sheffield, Darryl Lecours, Gisbel De La Cruz, Derek Winebaugh, Michael Skena, Melissa St. Croix, Andrew Olson, John Kubala, Brendan Daly, Steven Ferdinand, Ken Galluccio, Steven Rawczak, Mark Miller, Sven Hofmann, Thomas Siehl, III, Adam Schell, Bradley Conner, Benjamin Tyler Dunn, Ingrid Salgado, Michael Bowman, and Jon Mosley, on behalf of themselves and all others similarly situated, v. Volkswagen Group of America, Inc., Volkswagen AG, Audi AG, Audi of America, LLC, Robert Bosch Gmbh, Robert Bosch LLC, Richard Dorenkamp, Heinz-Jakob Neusser, Jens Hadler, Bernd Gottweis, Oliver Schmidt, and Jurgen Peter,* Case No. 3:17-cv-04372-CRB, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on February 14, 2020; Reply Declaration submitted on April 30, 2020; Deposition on July 22, 2020.

6



**United States District Court, Norther District of California, San Francisco Division,** *Vicky Maldonado and Justin Carter, individually and on behalf of themselves and all others similarly situated, v. Apple Inc., Applecare Service Company, Inc., and Apple CSC, Inc.,* Case No. 3:16-cv-04067-WHO, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on February 11, 2020; Deposition on March 12, 2020; Supplemental Declaration submitted on September 14, 2020; Deposition on November 17, 2020.

**United States District Court, District of New Jersey,** *Brian Gozdenovich, on behalf of himself and all others similarly situated, v. AARP, Inc., AARP Services Inc., AARP Insurance Plan, Unitedhealth Group, Inc., and Unitedhealthcare Insurance Company,* Case No. 9:18-cv-81258-DMM, on behalf of Bursor & Fisher, P.A., Declaration submitted on January 29, 2020; Declaration submitted on March 26, 2020; Deposition on July 1, 2020; Rebuttal Declaration submitted on July 9, 2020..

**United States District Court, for the Central District of California, Western Division,** *Toya Edwards, on behalf of herself and all others similarly situated, v. Walmart Inc*., Case No. 1:18-cv-9655, on behalf of Simmons Hanly Conroy LLC, Declaration submitted on December 6, 2019; Deposition on January 9, 2020; Reply Declaration submitted on February 27, 2020; Reply Declaration submitted on June 28, 2021.

**United States District Court, District Of Connecticut,** *William Montgomery and Donald Wood Jr., individually and on behalf of all others similarly situated, v. Stanley Black & Decker, Inc., d/b/a Craftsman*, Case No. 3:19-cv-01182-AVC, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 15, 2019.

**United States District Court, Central District of California,** *Paul Stockinger, Elizabeth Stockinger, Basudeb Dey, Gailyn Kennedy, Eliezer Casper, Yvette Alley, and Norman Beil on behalf of themselves and all others similarly situated, v. Toyota Motor Sales, U.S.A., Inc., a California corporation,* Case No.: 17-cv-00035-VAP-KS, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on September 13, 2019; Deposition on October 10, 2019; Reply Declaration submitted on December 12, 2019.

**United States District Court, Southern District of California,** *Patrick McMorrow, Marco Ohlin and Melody DiGregorio, on behalf of themselves, all others similarly situated and the general public, v. Mondelez International, Inc*., Case No. 3:17-cv-02327-BAS-JLB, on behalf of Law Offices of Jack Fitzgerald, Declaration submitted on August 30, 2019; Deposition on October 1, 2019; Omnibus Declaration submitted on December 9, 2019; Declaration submitted on May 4, 2020; Omnibus Declaration submitted on August 28, 2020; Declaration submitted on May 14, 2021; Rebuttal Declaration submitted on July 2, 2021.

**United States District Court for the Eastern District of Wisconsin,** *Scott Weaver, individually and on behalf of a class of similarly situated individuals, v. Champion Petfoods USA, Inc. and Champion Petfoods LP,* Case No. 2:18-cv-01996-JPS, on behalf of Gustafson Gluek PLLC, Declaration submitted on August 13, 2019; Deposition on August 22, 2019.



**United States District Court, Central District of California,** *Collin Shanks, on behalf of himself, all others similarly situated, and the general public, v. Jarrow Formulas Inc.,* Case No. 18-cv-9437-PA (AFMx), on behalf of Law Offices of Jack Fitzgerald, Declaration submitted on July 22, 2019; Reply Declaration submitted on August 12, 2019.

**United States District Court, Eastern District Of Michigan, Southern Division,** *Suresh Persad, Daniel G. Wright and Robert S. Drummond, individually and on behalf of all others similarly situated, v. Ford Motor Company*, Case No. 2:17-cv-12599-TGB-MKM, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on June 25, 2019; Declaration submitted on November 26, 2019.

**United States District Court, Southern District of Florida, Fort Lauderdale Division,** *Milita Barbara Dolan, on behalf of herself and all others similarly situated, v. Jetblue Airways Corporation*, CASE NO.: 18-cv-62193-RNS, on behalf of Robbins Geller Rudman & Dowd, LLP, Declaration submitted on May 23, 2019; Deposition on October 25, 2019.

**United States District Court, Northern District of California,** *Joseph Gregorio, Patrick Quiroz and Adam Cooper individually and on behalf of all others similarly situated, v. The Clorox Company,* Case 4:17-cv-03824-PJH, on behalf of Bursor & Fisher, P.A., Declaration submitted on May 15, 2019; Declaration submitted July 12, 2019; Deposition on July 18, 2019; Reply Declaration submitted on August 21, 2019.

**United States District Court, District of Minnesota,** *Hudock, et al., v. LG Electronics U.S.A., Inc., et al.*, Lead Case No. 0:16-CV-01220-JRT-KMM, Relating to All Consolidated Actions, on behalf of Zimmerman Reed, LLP, Declaration submitted on May 10, 2019; Deposition on June 6, 2019.

**United States District Court, Central District of California, Western Division,** *Jennifer Reitman and Carol Shoaff, individually and on behalf of a class of similarly situated individuals, v. Champion Petfoods USA, Inc. and Champion Petfoods LP*, Case: 2:18-cv-01736-DOC-JPR, on behalf of Gustafson Gluek PLLC, Declaration submitted on April 8, 2019, Deposition on April, 26, 2019; Supplemental Declaration submitted on June 20, 2019.

**United States District Court, Central District of California, Western Division,** *Barry Braverman, et al., v. BMW of North America, LLC, et al.*, Case No. 8:16-cv-00966-TJH-SS, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on March 29, 2019; Deposition on May 30, 2019; Reply Declaration submitted on September 16, 2019; Supplemental Declaration submitted on July 6, 2020.



**United States District Court, Southern District of Florida, West Palm Beach Division,** *Judith Marilyn Donoff on behalf of herself and all others similarly situated, v. Delta Air Lines, Inc.*, Case No. 9:18-cv-81258-DMM, on behalf of Robbins Geller Rudman & Dowd, LLP, Declaration submitted on March 26, 2019.

**United States District Court, Western District of Washington,** *Jacob Beaty and Jessica Beaty on, behalf of themselves and all others similarly situated, v. Ford Motor America*, Case No. 3:17-CV-05201-RBL, on behalf of Simmons Hanly Conroy LLC; Declaration submitted on February 22, 2019; Deposition on March 29, 2019; Reply Declaration submitted on July 10, 2019; Deposition on July 30, 2019.

**United States District Court, Southern District of New York,** *Nicholas Parker, on behalf of himself and all others similarly situated, v. United Industries Corporation*, Case No. 1:17-cv-05353, on behalf of Bursor & Fisher, P.A., Declaration submitted February 3, 2019; Declaration submitted March 21, 2019; Declaration submitted on May 3, 2019; Deposition on July 24, 2019.

**United States District Court, Northern District of California,** *Debbie Krommenhock and Stephen Hadley, on behalf of themselves, all others similarly situated, and the general public, v. Post Foods, LLC,* Case No. 3:16-cv-04958-WHO (JSC), on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted January 11, 2019; Deposition on March 1, 2019; Declaration on April 24, 2019; Deposition on May 14, 2019; Supplemental Declaration submitted on June 21, 2019; Omnibus Declaration submitted on August 9, 2019; Supplemental Declaration submitted on November 16, 2020; Declaration submitted on January 18, 2021.

**United States District Court, Southern District of New York,** *Leona Hunter and Anne Marie Villa, on behalf of themselves and all others similarly situated, v. Time Warner Cable Inc.*, Case No. 15-cv-06445-JPO (JLC), on behalf of Bursor & Fisher, P.A. Declaration submitted on November 30, 2018; Deposition on December 21, 2018; Reply Declaration submitted on February 27, 2019.

**United States District Court, Northern District of California,** *Jeremiah Revitch, on Behalf of Himself and all Others Similarly Situated, v. Citibank, N.A.*, Case No. 17-cv-06907-JCS, on behalf of Bursor & Fisher, P.A. Declaration submitted on November 27, 2018; Deposition on December 28, 2018; Reply Declaration submitted on February 1, 2019; Deposition on February 26, 2019.

**United States District Court, Central District of California,** *Kaylee Browning and Sarah Basile, on behalf of themselves and all others similarly situated, v. Unilever United States Inc.*, Case No. 8:16-cv-02210, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 22, 2018; Deposition on November 1, 2018; Reply Declaration submitted on November 23, 2018.

**United States District Court, Southern District of New York,** *Lori Canale, individually, and on behalf of all others similarly situated, v. Colgate-Palmolive Co.,* Case No. 7:16-CV-03308-CS, on behalf of Bursor & Fisher, P.A., Declaration submitted on September 19, 2018.



**Superior Court for the State of California, In and for the County of San Francisco,** *Michelle Gyorke-Takatri and Katie Silver on behalf of themselves and all others similarly situated, v. Nestlé USA, Inc. and Gerber Products Company,* Case No. CGC 15-546850, on behalf of Stanley Law Group, Declaration submitted on September 7, 2018.

**Superior Court of the State of California, For The County of San Francisco,** *Deanna Gastelum and Heather Bryden individually and on behalf of all other persons similarly situated, v. Frontier California Inc.*, Case No. CGC-11-511467, on behalf of Bramson, Plutzik, Mahler and Birkhaeuser; Declaration submitted on July 31, 2018, Declaration submitted August 13, 2018.

**United States District Court, For the Southern District of New York,** *Suzanna Bowling, individually and on behalf of all others similarly situated, v. Johnson & Johnson and McNeil Nutritionals, LLC*, Case No. 1:17-cv-03982-AJN, on behalf of Bursor & Fisher, P.A., Declaration submitted on July 30, 2018, Deposition on September 6, 2018; Reply Declaration submitted on November 16, 2018.

**United States District Court, Southern District of New York,** *Anne De Lacour, Andrea Wright, and Loree Moran individually and on behalf of all others similarly situated, v. Colgate-Palmolive Co., and Tom's of Maine Inc.*, Case No. 1:16-cv-08364-RA, on behalf of Bursor & Fisher, P.A., Declaration submitted on June 15, 2018; Deposition on August 28, 2018; Reply Declaration submitted on November 21, 2018; Declaration submitted on February 21, 2020; Reply Declaration submitted April 9, 2020.

**United States District Court, Northern District of California, San Francisco Division,** *In re: Chrysler-Dodge-Jeep EcoDiesel® Marketing, Sales Practices, and Products Liability Litigation Dorun Bali, et al., v. Fiat Chrysler Automobiles N.V., FCA US LLC, Sergio Marchionne, VM Motori S.p.A., VM North America, Inc., Robert Bosch GmbH, Robert Bosch LLC, and Volkmar Denner*, Case No. MDL 2777-EMC, on behalf of Lieff Cabraser Heimann & Bernstein, Declaration submitted on June 6, 2018, Deposition on July 18, 2018, Reply Declaration submitted on September 4, 2018.

**United States District Court, Northern District of California,** *Stephen Hadley, on behalf of himself, all others similarly situated, and the general public, v. Kellogg Sales Company*, Case No. 5:16-cv-04955-LHK-HRL, on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted April 30, 2018, Deposition on May 31, 2018; Reply Declaration submitted June 25, 2018; Declaration submitted on September 20, 2018; Deposition on September 28, 2018; Declaration submitted on October 21, 2019; Declaration submitted on July 16, 2020; Declaration submitted on March 10, 2021.



**United States District Court, Northern District of Illinois, Eastern Division,** *Teresa Elward, Dennis Keesler, Leasa Brittenham, Kathy Beck and Nathaniel Beck, Angelia East, Sarah LaVergne, Tony And Lauren Fitzgerald, Gregory Gray, Bethany Williams, John McLaughlin, Stacy Cisco, and William Ferguson and Cheryl Ferguson, individually and on behalf of all others similarly situated, v. Electrolux Home Products, Inc.*, Case No. 1:15-cv-09882-JZL, on behalf of Greg Coleman Law, Declaration submitted April 20, 2018; Reply Declaration submitted on July 13, 2018; Deposition on August 17, 2018.

**United States District Court for the Northern District of California,** *Jackie Fitzhenry-Russell, an individual, on behalf of herself, the general public and those similarly situated v. The Coca Cola Company, and Does 1-50*, Case No. 5:17-CV-00603-EJD, on behalf of Gutride Safier, LLP, Declaration submitted April 16, 2018; Deposition on October 3, 2018.

**United States District Court for the Southern District of New York,** *Josephine James Edwards, individually and on behalf of all others similarly situated, v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT, on behalf of Bursor & Fisher, P.A., Declaration submitted April 16, 2018; Deposition on June 7, 2018.

**United States District Court, Northern District of California,** *Jackie Fitzhenry-Russell, Robin Dale, and Gegham Margaryan, as individuals, on behalf of themselves, the general public and those similarly situated, v. Dr. Pepper Snapple Group, Inc., Dr Pepper/Seven Up, Inc., and Does 1-50,* Case No. 5:17-cv-00564-NC (lead); Case No. 5:17-cv-02341-NC (consolidated); Case No. 5:17-cv-04435-NC (consolidated)*, on behalf of Gutride Safier, LLP, Declaration submitted April 9, 2018; Deposition on April 19, 2018; Reply Declaration submitted June 6, 2018; Supplemental Declaration submitted on November 19, 2018.

**United States District Court for the Western District of Texas, Austin Division,** *Sylvia Morris, on behalf of herself and all others similarly situated, v. Modernize Inc.*, Case No. 17:-cv-963-SS, on behalf of Bursor & Fisher, P.A., Declaration submitted March 13, 2018; Deposition on June 14, 2018.

**United States District Court, Northern District of California, San Jose Division,** *In re: Arris Cable Modem Consumer Litigation*, Case No. 17-cv-1834-LHK, on behalf of Schubert Jonckheer & Kolbe, Declaration submitted on March 9, 2018; Reply Declaration submitted April 9, 2018; Deposition on April 11, 2018; Declaration submitted June 13, 2018; Declaration submitted January 31, 2019; Deposition on February 14, 2019; Reply Declaration submitted on March 14, 2019.

**United States District Court, Southern District of New York,** *In re: Amla Litigation*, Case No. 1:16-cv-06593-JSR, on behalf of Levi & Korsinsky LLP, Declaration submitted on March 5, 2018; Declaration submitted November 14, 2018; Deposition on November 28, 2018.



**United States District Court, Eastern District of Michigan,** *Toby Schechner, Barbara Barnes, Laura Bliss, Kathleen Jordan, Kathryn Limpede, Louise Miljenovic, Candace Oliarny, Beverly Simmons, Richard Thome And Mary Ellen Thome, v. Whirlpool Corporation,* Case No. 16-cv-12409-SJM, on behalf of Robbins Geller Rudman & Dowd, LLP, Declaration submitted February 12, 2018; Deposition on May 15, 2018; Reply Declaration submitted May 17, 2018.

**United States District Court, Southern District of California,** *Jose Conde, et al., v. Sensa, et al.*, Case No. 14-cv-51 JLS (WVG), on behalf of Bursor & Fisher, P.A., Declaration submitted February 6, 2018; Declaration submitted February 21, 2019.

**United States District Court, Northern District Of Illinois, Eastern Division,** *Angel Bakov, Julie Herrera, and Kinaya Hewlett, individually and on behalf of all others similarly situated, v.Consolidated World Travel, Inc. d/b/a Holiday Cruise Line, a Florida corporation,* Case No. 15-cv-02980-HDL SEC, on behalf of Bursor & Fisher, P.A., Declaration submitted February 6, 2018; Deposition on April 25, 2018.

**United States District Court, Northern District of Illinois,** *Jennifer Beardsall, Daniel Brown, Jennifer Carlsson, Deborah Cartnick, Amy Connor-Slaybaugh, Phyllis Czapski, Raelee Dallacqua, Autumn Dean, Skye Doucette, Christopher Draus, Gerald Gordon, Alexandra Groffsky, Emma Groffsky, Joyce Ivy, La Tanya James, Michelle Jessop, Joy Judge, Kathy Mellody, Susan Nazari, Megan Norsworthy, Deborah Ostrander, Martina Osley, Dana Phillips, Thomas Ramon, Jr., Nancy Reeves, Matthew Robertson, Shelley Waitzman, Jamilla Wang, and Amber Wimberly, Individually and on Behalf of All Others Similarly Situated, v. CVS Pharmacy, Inc., Target Corporation, Walgreen Co., Wal-Mart Stores, Inc., and Fruit of the Earth, Inc.*, Case No. 1:16-cv-06103, on behalf of Greg Coleman Law, Declaration submitted December 22, 2017; Reply Declaration on May 4, 2018.

**United States District Court, Southern District of New York,** *Jaish Markos, individually and on behalf of all others similarly situated, v. Russell Brands, LLC*, Case No. 16-CV-04362(CS), on behalf of The Sultzer Law Group, Declaration submitted on December 1, 2017, Deposition on January 4, 2018.

**United States District Court, Northern District of California,** *Siera Strumlauf, Benjamin Robles, and Brittany Crittenden, individually and on behalf of all others similarly situated, v. Starbucks Corporation,* Case No. 16-CV-01306-YGR, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 31, 2017, Deposition on December 13, 2017.

**United States District Court, Southern District of California,** *Sheila Dashnaw, William Meier, and Sherryl Jones, individually, and on behalf of all others similarly situated, v. New Balance Athletics, Inc., a corporation; and DOES 1 through 50, inclusive,* Case No. 3:17-cv-00159-L-JLB, on Behalf of The Wand Law Firm, Declaration submitted on September 8, 2017; Deposition on October 5, 2017; Rebuttal Declaration submitted December 11, 2017.



**United States District Court, Central District of California,** *Veronica Brenner, on behalf of herself and all others similarly situated, v. Procter & Gamble Co.*, Case No. 8:16-1093-JLS-JCG, on behalf of Bursor & Fisher, P.A., Declaration submitted September 5, 2017; Deposition on October 10, 2017.

**United States District Court, Eastern District of California,** *Joann Martinelli, individually and on behalf of all others similarly situated, v. Johnson & Johnson And McNeil Nutritionals, LLC*, Case No. 2:15-cv-01733-MCE-DB, on behalf of Bursor & Fisher, P.A., Declaration submitted August 28, 2017, Deposition on December 20, 2017; Reply Declaration submitted on January 5, 2018.

**United States District Court, Northern District of California, San Francisco Division,** *Martin Schneider, Sarah Deigert, Laurie Reese, Theresa Gamage, Tiffanie Zangwill, and Nadia Parikka, Individually and on Behalf of All Others Similarly Situated, v. Chipotle Mexican Grill, Inc.*, Case No. 3:16-cv-02200-HSG, on behalf of Kaplan Fox & Kilsheimer LLP, Declaration submitted August 11, 2017; Deposition on September 22, 2017.

**United States District Court, Southern District of Ohio,** *Tom Kondash, on behalf of himself and all others similarly situated, v. Kia Motors America, Inc., and Kia Motors Corporation*, Case No. 1:15-cv-00506-SJD, on behalf of Gibbs Law Group, LLP, Deposition on November 29, 2017; Supplemental Declaration submitted on September 23, 2019.

**United States District Court, Northern District of Illinois, Eastern Division,** *Ryan Porter and Haarin Kwon, individually and on behalf of all others similarly situated, v. NBTY, Inc., United States Nutrition Inc., Healthwatchers (DE), Inc., and MET-RX Nutrition, Inc.*, Case No. 15-cv-11459, on behalf of Bursor & Fisher, P.A., Declaration submitted on August 15, 2018; Deposition on October 12, 2018; Reply Declaration on December 21, 2018.

**United States District Court, Northern District of California,** *Sandra McMillion, Jessica Adekoya And Ignacio Perez, on Behalf of Themselves and all Others Similarly Situated, v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR, on behalf of Bursor & Fisher, P.A., Declaration submitted August 25, 2017, Declaration submitted on October 16, 2017; Declaration submitted on August 10, 2018; Declaration submitted on November 6, 2018; Declaration submitted on November 12, 2018; Deposition on December 11, 2018; Oral Testimony and Cross Examination May 7 - 8, 2019.

**United States District Court, Southern District of California,** *Preston Jones and Shirin Delalat, on behalf of themselves, all others similarly situated, and the general public, v. Nutiva Inc.*, Case No. 16-cv-00711 HSG, on behalf of Law Offices of Jack Fitzgerald, PC, Deposition on August 23, 2017; Reply Declaration submitted January 12, 2018; Reply Declaration submitted March 2, 2018.



**United States District Court, Central District of California, Southern Division,** *Billy Glenn, Kathy Warburton, Kim Fama, and Corinne Kane, on behalf of themselves and all others similarly situated, v. Hyundai Motor America And Hyundai Motor Company*, Case No. 15-cv-02052-DOC-KES, on behalf of Gibbs Law Group, LLP, Reply Declaration submitted on October 2, 2017; Reply Declaration submitted on October 6, 2017; Declaration submitted on March 23, 2018.

**United States District Court, Southern District Of New York,** *Joanne Hart, and Sandra Bueno, on behalf of themselves and all others similarly situated, v. BHH, LLC d/b/a Bell + Howell and Van Hauser LLC*, Case No. 1:15-cv-04804-WHP, on behalf of Bursor & Fisher, P.A., Deposition on January 10, 2018; Supplemental Declaration submitted January 30, 2018; Declaration submitted on March 2, 2018; Supplemental Declaration submitted on March 30, 2018; Supplemental Declaration submitted on November 26, 2018; Deposition on December 20, 2018.

**United States District Court, Eastern District Of New York, Brooklyn Division,** *Reply All Corp., v. Gimlet Media, Inc.,* Case No. 15-cv-04950-WFK-PK, on behalf of Wolf, Greenfield & Sacks, P.C., Declaration submitted on September 13, 2019; Deposition on October 16, 2019.

**United States District Court, Southern District of New York,** *Walt Famular, on behalf of himself and all others similarly situated, v. Whirlpool Corporation*, Case No. 16-cv-00944, on behalf of Bursor & Fisher, P.A., Deposition on August 15, 2017; Rebuttal Declaration on March 20, 2018.

**Circuit Court Of Cook County, Illinois County Department, Chancery Division,** *Amy Joseph, individually and on behalf of all others similarly situated, Benjamin Perez, individually and on behalf of all others similarly situated, Intervening Plaintiff, v. Monster Inc., a Delaware Corporation, and Best Buy Co., Inc., a Minnesota Corporation*, Case No. 2015 CH 13991, on behalf of Interveners, Supplemental Declaration submitted January 22, 2018.

**United States District Court, Central District of California,** *Jacqueline Dean, on behalf of herself and all others similarly situated, v. Colgate-Palmolive Co.*, Case No. 5:15-cv-00107, on behalf of Bursor & Fisher, P.A.; Declaration submitted on October 2, 2017; Reply Declaration submitted on December 14, 2017.

**United States District Court, District of New Jersey,** *Charlene Dzielak, Shelley Baker, Francis Angelone, Brian Maxwell, Jeffery Reid, Kari Parsons, Charles Beyer, Jonathan Cohen, Jennifer Schramm, and Aspasia Christy on behalf of themselves and all others similarly situated, v. Whirlpool Corporation, Lowe's Home Center, Sears Holdings Corporation, The Home Depot, Inc., Fry's Electronics, Inc., And Appliance Recycling Centers Of America, Inc.,* Case No. 12-cv-0089-KM-JBC, on behalf of Bursor & Fisher, P.A., Responding Declaration submitted July 6, 2018; Rebuttal Declaration submitted on August 10, 2018.

**United States District Court, Eastern District of New York,** *D. Joseph Kurtz, individually and on behalf all others similarly situated, v. Kimberly-Clark Corporation and Costco Corporation*, Case No. 14-01142-JBW, on behalf of Robbins Geller Rudman & Dowd LLP; Supplemental Declaration submitted on July 9, 2019; Supplemental Declaration submitted on July 12, 2019; Oral testimony and cross-examination on August 6-8 and 12, 2019.



**United States District Court, Eastern District of New York,** *Anthony Belfiore, on behalf of himself and all others similarly situated, v. Procter & Gamble*, Case No. 14-04090-JBR, on behalf of Wolf Popper LLP; Supplemental Declaration submitted on July 9, 2019; Deposition on July 26, 2019; Oral testimony and cross-examination on August 6-8 and 12, 2019.

**United States District Court, Northern District of California, San Francisco Division,** *Erin Allen, on behalf of herself and all others similarly situated, v. Con Agra Foods, Inc.*, Case No. 13-cv-01279-VC, on behalf of Hagens Berman Sobol Shapiro LLP and The Eureka Law Firm; Declaration submitted July 9, 2018; Deposition on March 7, 2019; Reply Declaration submitted on May 22, 2019; Declaration submitted on February 28, 2020.

**United States District Court, Central District of California, Western Division,** *In re: ConAgra Foods, Inc.*, Case No. 11-cv-05379-MMM, MDL No. 2291, on behalf of Milberg LLP and Grant & Eisenhofer, P.A.; Declaration submitted on March 8, 2019.

Mr. Weir has provided expert testimony since 2007, served as a consultative expert in numerous proceedings that did not result in testimony, and has contributed research and analysis to numerous additional publications and testimony at the state, federal, and international levels.



# Exhibit 2

# Documents Reviewed

- First Amended Class Action Complaint, filed January 4, 2021

- Declaration of Steven P. Gaskin, August 2, 2021

- Sawtooth Software technical papers, available online at

http://www.sawtoothsoftware.com/support/technical-papers

- *When "All Natural" May Not Be*, Analysis Group Forum (Winter 2013)

www.analysisgroup.com/Insights/ag-feature/analysis-group-forum/winter-2013-forum/when-all-natural-may-not-be/

- Applying Conjoint Analysis to Legal Disputes: A Case Study, Wind, Yoram, et al.

- Khoday v. Symantec Corp., 2014 WL 1281600, at *10 (D. Minn. March 13, 2014)

- Sanchez-Knutson v. Ford Motor Company, 310 F.R.D. 529, 538-39 (S.D. Fl. 2015)

- In re: Lenovo Adware Litigation, 2016 WL 6277245, at *21 (N.D. Cal. Oct. 27, 2016)

- Guido v. L'Oreal, USA, Inc., 2014 WL 6603730, at *5, *10-*14 (C.D. Cal. July 24, 2014)

- Brown v. Hain Celestial Group, Inc., 2014 WL 6483216, at *19 (N.D. Cal. Nov. 18, 2014)

-  Microsoft v. Motorola, Inc., 904 F.Supp.2d 1109, 1119-20 (W.D. Wa. 2012)

- In re Scotts EZ Seed Litig., 304 F.R.D. 397, 413-15 (S.D.N.Y. 2015)

- Dzielak v. Maytag, 2017 WL 1034197, at *6 (D. NJ. March 17, 2017)

- TV Interactive Data Corp. v. Sony Corp., 929 F. Supp. 2d 1006, 1022 & n.6 (N.D. Cal. 2013)

- Briseno v. ConAgra Foods, Inc., 844 F.3d 1121 (9th Cir. 2017)

- Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc., 2018 WL 3126385 (N.D. Cal. June 26, 2018)

- In Re Arris Cable Modem Consumer Litig., 2018 WL 3820619, at *25-*31 (N.D. Cal. Aug. 10, 2018)

- Hadley v. Kellogg Sales Co., 2018 WL 3954587, at *11-*16 (N.D. Cal. Aug. 17, 2018)

- Martinelli v. Johnson & Johnson, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019)

- Krommenhock v. Post Foods, LLC, 2020 U.S. Dist. LEXIS 40463 (N.D. Cal. Mar. 9, 2020)

- Hudock v. LG Elecs. USA, Inc., 2020 U.S. Dist. LEXIS 54994 (D. Minn. Mar. 30, 2020)

- Koenig v. Vizio, Inc., Los Angeles Superior Court Case No. BC702266 (L.A. Super. Ct. Aug. 24, 2020)

- Banh v. American Honda Motor Co., Inc., 2020 WL 4390371 (C.D. Cal. July 28, 2020)

- Kaupelis v. Harbor Freight Tools, Inc., 2020 WL 5901116 (C.D. Cal. Sep. 23, 2020)

- McMorrow v. Mondelez, 2021 WL 859137 (S.D. Cal. Mar. 8, 2021)

- de Lacour v. Colgate-Palmolive Co., 2021 WL 1590208 (S.D.N.Y. Apr. 23, 2021)

- Bailey v. Rite Aid Corp., 2021 WL 1668003 (N.D. Cal. Apr. 28, 2021)

- In re Vioxx Class Cases, 180 Cal.App.4th 116, 103 Cal.Rptr.3d 83, 96 (2009)

- In re Tobacco Cases II, 192 Cal.Rptr.3d at 894

- Walmart, Inc., Form 10-K Annual Report

- Target Corp., Form 10-K Annual Report

- Safeway Inc. Form 10-K Annual Report

- The Kroger Co. Form 10-K Annual Report

- *Getting Started with Conjoint*, Bryan Orme, 2014

- IRI Data

- kodiakcakes.com

- birchbenders.com

- bobsredmill.com

- krusteaz.com

- bettycrocker.com

- auntjemima.com

- annies.com

- target.com

- walmart.com