LEWIS BRISBOIS BISGAARD & SMITH LLP
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: Eric.Kizirian@lewisbrisbois.com
MICHAEL K. GRIMALDI, SB# 280939
  E-Mail: Michael.Grimaldi@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
  E-Mail: Danielle.Stierna@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants KODIAK CAKES LLC
and BAKER MILLS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRIS MINOR, as an individual, on behalf of herself, the general public and those similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>BAKER MILLS, INC. a Utah corporation; and KODIAK CAKES, LLC, a Delaware limited liability company,<br><br>        Defendants. | Case No. 3:20-cv-02901-RS<br><br>Judge:   Hon. Richard Seeborg<br><br>**DEFENDANTS' BAKER MILLS, INC. AND KODIAK CAKES, LLC'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** |

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**

PLEASE TAKE NOTICE THAT Defendants Baker Mills, Inc. and Kodiak Cakes, LLC ("Kodiak") will and hereby do move this Court for an order entering judgment on the pleadings against Plaintiff Sherris Minor ("plaintiff") under Federal Rule of Civil Procedure 12(c).

The motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support of the Motion, and the files and records in this action and any further evidence and argument that the Court may consider.

DATED: April 15, 2022                         LEWIS BRISBOIS BISGAARD & SMITH LLP


By: *Michael Grimaldi*
MICHAEL K. GRIMALDI
Attorneys for Defendants Baker Mills, Inc.
and Kodiak Cakes, LLC

# TABLE OF CONTENTS

Page

I.   Introduction ...................................................................................................................1

II.  Factual Background........................................................................................................2

III. Legal Standard................................................................................................................3

IV.  Argument........................................................................................................................3

    A.   Plaintiff's Front-Label Protein Claims Are Preempted Because the FDA Regulations Expressly Permit the Precise Protein Claim Plaintiff Challenges. ...........................................................................................................3

    B.   Plaintiff's Omission-Based %DV Claim Fails............................................................5

        1.   Plaintiff's %DV Claims Are Impliedly Preempted Under *Buckman*. .............5

        2.   Kodiak Does Not Make "Nutrient Content Claims" Based on Protein. ..........................................................................................................6

        3.   Plaintiff Lacks Art. III and Statutory Standing for Her Omission-Based %DV Claim and Fails to Plausibly Show Reliance on an Omission.......................................................................................................7

    C.   Plaintiff Cannot Raise New Unpled Theories of Liability in Opposition. ..................9

V.   Conclusion......................................................................................................................9

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                           Page(s)

*Brown v. Kellogg Company*,
  Case No. 3:21-cv-07388-VC (Dkt. 42) (N.D. Cal. Apr. 1, 2022) (*"Kellogg"*)........... 1, 2

*Brown v. Natures Path Foods, Inc.*,
  2022 U.S. Dist. LEXIS 42760 (N.D. Cal. Mar. 10, 2022)....................................... 1, 4

*Chacanaca v. Quaker Oats Co.*,
  752 F. Supp. 2d 1111 (N.D. Cal. 2010) .............................................................. 4

*Chong v. KIND LLC*,
  2022 WL 464149 (N.D. Cal. Feb. 15, 2022 .......... ............................................. 1

*Co. v. Plaintiffs' Legal Committee*,
  531 U.S. 341 (2001) .............................................. ......................................... 5, 6

*Delacruz v. Cytosport, Inc.*,
  2012 WL 1215243 (N.D. Cal. Apr. 11, 2012) ....... ............................................. 8

*Diamond S.J. Enter. v. City of San Jose*, 2018 WL 5619746 (N.D. Cal. Oct.
  29, 2018) ................................................................ ..................................... 2, 9

*Durnford v. Musclepharm Corp.*,
  2015 WL 9258079 (N.D. Cal. Dec. 18, 2015), *aff'd in relevant part and
  rev'd in part*, 907 F.3d 595 (9th Cir. 2018) .......... ............................................. 8

*Durnford v. MusclePharm Corp.*,
  907 F.3d 595 (9th Cir. 2018)............................................................................. 4

*Dworkin v. Hustler Magazine, Inc.*,
  867 F.2d 1188 (9th Cir. 1989)............................................................................ 3

*Mee v. IA Nutrition, Inc.*,
  2015 WL 2251303 (N.D. Cal. May 13, 2015)....... ............................................. 4

*Nacarino v. Kashi Co.*,
  2022 WL 390815 (N.D. Cal. Feb. 9, 2022).......... ............................................. 1

*Pardini v. Unilever United States, Inc.*,
  961 F. Supp. 2d 1048 (N.D. Cal. 2013)............................................................. 8

*Perez v. Nidek Co.*,
  711 F.3d 1109 (9th Cir. 2013).......................................................................... 5

*Robinson v. Bank of Am., NA*,
  525 F. App'x 580 (9th Cir. 2013) ....................................................................... 3

*SriCom, Inc. v. EbisLogic, Inc.*,
  2012 WL 4051222 (N.D. Cal. Sept. 13, 2012) ...... 9

*Swearingen v. Late July Snacks LLC*,
  2017 WL 4641896 (N.D. Cal. Oct. 16, 2017) ....... 7

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 .................................................................................................... 7, 8

*Windsor v. Sequoia Benefits & Ins. Servs. LLC*,
  2021 WL 5053087 (N.D. Cal. Nov. 1, 2021) ........ 9

**State Cases**

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (2011) ............................................................................................ 7

**Federal Statutes**

21 U.S.C. § 337(a) ........................................................................................................... 5

21 U.S.C. § 343-1(a)(5) ................................................................................................... 4

21 U.S.C. § 343(r)(1)(A) .................................................................................................. 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 2, 3

Federal Rule of Civil Procedure 12(c) ........................................................................... 3

**Regulations**

21 C.F.R. § 100.1(c)(4) .................................................................................................... 4

21 C.F.R. § 101.9(c)(7) ................................................................................................. 4, 5

21 C.F.R. § 101.13 ........................................................................................................... 5

21 C.F.R. § 101.13(i)(3) ................................................................................................... 7

21 C.F.R. § 101.13(b)(1) .................................................................................................. 7

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

## I. INTRODUCTION

Kodiak makes high-quality pancake, waffle, and baking mixes that consumers love. Kodiak's baking mixes are unique both because they are made with whole grains and "better for you" ingredients and because they include added protein. This lawsuit centers on Kodiak's front label and Nutrition Facts panel ("NFP") protein statements. Kodiak states the protein content of its products, in grams, in both the NFP and on the front of its product labels as measured using the FDA-approved "nitrogen method."

Plaintiff purchased various Kodiak products. She claims she was deceived because Kodiak represents the total amount of protein in its products, not the "usable" protein as measured by using *plaintiff's* preferred protein-content measurement method. Thus plaintiff, through counsel who has filed 11-plus *other* lawsuits grounded in the same protein-statement theories, argues that Kodiak misrepresents the protein content in their products (in grams) and violates FDA regulations unless it adopts *plaintiff's* preferred protein-measurement method and represents only the grams of protein that is "usable by the human body." As a second theory, plaintiff claims Kodiak violated the FDA regulations because it did not include a percent daily value of protein ("%DV") on the NFP.

At the inception of this suit, Kodiak argued that plaintiff's claims are preempted by the Food, Drug, and Cosmetic Act (FDCA). The Court denied Kodiak's preemption-based motion. But recently, in *Chong v. KIND LLC*, 2022 WL 464149 (N.D. Cal. Feb. 15, 2022), this Court noted that Kodiak's prior motion, which was "brought largely on the same [preemption] grounds advanced [in *Chong*] …. was incorrectly decided." *Id.* at *1. Simply put, "[b]ecause plaintiffs are attempting to use state law to impose labeling requirements that go beyond what the FDA regulations require, their claims are preempted and the motion to dismiss must be granted." *Id.* at *1-2. Three other courts in this district also rejected the same liability theories in *Nacarino v. Kashi Co.*, 2022 WL 390815 (N.D. Cal. Feb. 9, 2022) ("*Nacarino*"), *Brown v. Natures Path Foods, Inc.*, 2022 U.S. Dist. LEXIS 42760 (N.D. Cal. Mar. 10, 2022) ("*Natures Path*"), *Brown v. Kellogg Company*, Case No. 3:21-cv-07388-VC (Dkt. 42) (N.D. Cal. Apr. 1, 2022) (*"Kellogg"*).[1] Because the facts and theories

---

[1] Because this Court is aware of the arguments raised both in *Nacarino* and *Chong*, Kodiak (footnote continued)

here are nearly identical to those in *Chong*, *Nacarino*, *Natures Path*, and *Kellogg*, plaintiff's claims against Kodiak are similarly preempted and fail as a matter of law.

Kodiak has filed its answer to the operative First Amended Complaint ("FAC"). Thus, absent a *sua sponte* reversal of this Court's prior motion-to-dismiss order, Kodiak can only challenge the adequacy of plaintiff's FAC claims on preemption grounds through this motion for judgment on the pleadings. And this motion, like a motion to dismiss under Fed. R. Civ. P. 12(b)(6), must be decided based on the adequacy of allegations and facts pled in the four corners of the FAC. Because the FAC only pleads the same two theories this Court held were preempted in *Chong*, it must be dismissed.

Plaintiff knows the FAC cannot not survive this motion, which is why she seeks leave to amend the FAC after *two* years of litigation. As Kodiak will explain in its opposition to that motion, no further amendment should be allowed. And plaintiff cannot defeat the instant motion through unpled theories she will attempt to introduce in her opposition. *Diamond S.J. Enter. v. City of San Jose*, 2018 WL 5619746, at* 6 (N.D. Cal. Oct. 29, 2018) ("Plaintiff cannot amend the complaint through briefing.").

Kodiak respectfully submits the only fair outcome here—especially after two years of hard-fought and expensive litigation—is an order that dismisses this case with prejudice and with no further leave to amend.

## II.   FACTUAL BACKGROUND

Kodiak sells baking mixes for flapjacks/waffles, oatmeal, muffins, brownies, and cornbread; frozen versions of the flapjacks/waffles; and microwavable cups. FAC ¶ 16. Kodiak's products are made from whole grains and contain added protein. Plaintiff alleges she purchased Kodiak's products from various stores. FAC ¶ 64. While plaintiff alleges she purchased the products because of the front-label protein statements (FAC ¶ 67), she does not allege she reviewed the NFP or relied on the alleged *absence* of the %DV in making her purchase decisions. Plaintiff claims Kodiak violated state and federal laws by (1) overstating the actual protein content by approximately 17%

---

incorporates by reference the arguments made in both of those cases to avoid unnecessary repetition.

because it measures protein under the "nitrogen method" instead of the "amino acid method" (FAC ¶¶ 4, 20) and (2) failing to provide the %DV of protein on the NFP (FAC ¶¶ 6, 19). Her FAC admits the FDA regulations permit manufacturers' use of the nitrogen method to calculate protein quantity. FAC ¶ 36, n. 5.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989). State law claims that are preempted by federal law lack legal sufficiency. Thus, a court may enter judgment on the pleadings where a plaintiff's claims are preempted by federal law. *Robinson v. Bank of Am., NA,* 525 F. App'x 580, 582 (9th Cir. 2013) (affirming judgment on the pleadings for state law claims that were preempted by federal law).

## IV. ARGUMENT

### A. Plaintiff's Front-Label Protein Claims Are Preempted Because the FDA Regulations Expressly Permit the Precise Protein Claim Plaintiff Challenges.

Plaintiff's theory is that Kodiak's front-label protein quantity claims—calculated by the FDA-approved nitrogen method—are false and misleading. This is the same theory plaintiff's counsel advanced in *Nacarino* and *Chong*. *Nacarino*, 2022 WL 390815, at *3; *Chong*, 2022 WL 464149, at *1. But *Nacarino* and *Chong* held the FDA regulations do not require front-label protein *quantity* claims, like the "14g protein" here, to be adjusted for protein *quality*. *Nacarino*, 2022 WL 390815, at *1, *Chong*, 2022 WL 464149, at *3. The same conclusion applies to Kodiak's labels here.

This Court in *Chong* held "producers may state grams of protein even outside the Nutrition Facts panel calculated by the nitrogen method, and without adjustment for digestibility." *Chong*, 2022 WL 464149, at *3; *see also Nacarino*, 2022 WL 390815, at *3. That's exactly what Kodiak does. Kodiak states the total amount of protein by gram, calculated per an FDA-approved method, both in the NFP and on the front label of its products. Thus, as in *Chong*, plaintiff's claims are

preempted under 21 U.S.C. § 343-1(a)(5) since this suit seeks to impose label requirements under state law that are "not identical" to those imposed under federal law. *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1121 (N.D. Cal. 2010); *see also Nacarino*, 2022 WL 390815, at *5. The term "not identical" means "that the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food [that] …are not imposed by or contained in the applicable [federal statute or regulation]… or [d]iffer from those specifically imposed by or contained in the applicable [federal statute or regulation]." 21 C.F.R. § 100.1(c)(4).

The FDA regulations "allow nitrogen to be used on the nutrition panel as a proxy for protein content." *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 603 (9th Cir. 2018); *see also* 21 C.F.R. § 101.9(c)(7) ("Protein content may be calculated on the basis of the factor 6.25 times the nitrogen content of the food …."). Critically, the FDA recently clarified that protein content statements made outside of the NFP may be based on "*either of*" the two methods mentioned in 21 C.F.R. § 101.9(c)(7), such as the nitrogen-content method that Kodiak uses.[2] The FDA regulations expressly permit Kodiak's protein-content measurement method.

As a matter of law, Kodiak's labels are not "false or misleading" since the regulations expressly permit Kodiak to measure and represent protein content on its labels as measured by the nitrogen method. *Nacarino,* 2022 WL 390815, at *1; *Chong*, 2022 WL 464149, at *3; *Brown v. Natures Path Foods, Inc.*, 2022 U.S. Dist. LEXIS 42760, at *17 (N.D. Cal. Mar. 10, 2022); *see also Mee v. IA Nutrition, Inc.*, 2015 WL 2251303, at *4 (N.D. Cal. May 13, 2015) ("[W]here, as here, an FDA regulation provides that the question of compliance must be determined using the method specified therein, a state law claim that seeks to establish a violation of such regulation by a different methodology is preempted.").

Plaintiff's first theory of liability and the claims she asserts based on this theory are expressly preempted for the reasons this Court analyzed in *Chong.* There can be no dispute that if Kodiak's labeling practices are consistent with the FDA regulations, plaintiff's state-law claims challenging

---

[2] U.S. FDA, INDUS. RES. ON THE CHANGES TO THE NUTRITION FACTS LABEL, *Label Claims*, available at https://www.fda.gov/food/food-labelingnutrition/industry-resources-changes-nutrition-facts-label#top (current as of Jan. 11, 2022).

those practices are preempted. *Chong*, 2022 WL 464149, at *2; *Nacarino*, 2022 WL 390815, at *3. As this Court acknowledged, its prior order in this case "conflated the reference in the regulations to 'the amino acid score' with the 'amino acid method' that the plaintiff [in *Minor*] had been arguing should be used to calculate the raw number of protein grams, independent of any correction for digestibility." *Chong*, 2022 WL 464149, at *2. It is undisputed the FDA regulations expressly permit Kodiak "to state the amount of protein in grams in the Nutrition Facts panels of its products (1) using the 'nitrogen method,' and (2) *without* adjusting the number to reflect digestibility." *Id.* "[T]his authorization comes from section 101.9(c)(7)." *Nacarino*, 2022 WL 390815, at *3. Importantly, "the *general language* of [21 C.F.R. § 101.13] cannot be interpreted as proclaiming that it is 'false or misleading' to use the same statement—'11g Protein'—on the front of the box as is authorized in the Nutrition Facts label." *Id.* (emphasis added).

By requiring Kodiak to use her preferred testing method, plaintiff is attempting to impose labeling requirements that go beyond the FDA regulations. *Chong*, 2022 WL 464149, at *1 ("Because plaintiffs are attempting to use state law to impose labeling requirements that go beyond what the FDA regulations require, their claims are preempted and the motions to dismiss must be granted."). Plaintiff's claims are thus expressly preempted as all the courts have found.

### B. Plaintiff's Omission-Based %DV Claim Fails.

#### 1. Plaintiff's %DV Claims Are Impliedly Preempted Under *Buckman*.

Plaintiff's second theory of liability, based on the absence of a %DV figure on the NFP, is similarly preempted for the reasons this Court announced in *Chong*. 21 U.S.C. § 337(a) implicitly preempts any private right of action to enforce the FDCA, providing in relevant part, "proceedings for the enforcement, or to restrain violations, of this Act shall be by and in the name of the United States." To escape preemption by the FDCA, "[t]he plaintiff must be suing for conduct that violates the FDCA . . ., but the plaintiff must not be suing because the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman [Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 350 (2001)])." *Perez v. Nidek Co.*, 711 F.3d 1109, 1120 (9th Cir. 2013).

Plaintiff's state law claims do not thread the "narrow gap" established by *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001), and are preempted. Because Kodiak makes front-

label protein content claims, plaintiff claims Kodiak is required to state the %DV of protein in the NFPs. FAC ¶ 44. Plaintiff asserts Kodiak violates false advertising provisions of the Sherman Law by omitting the %DV of protein from the NFPs. *Id.* ¶¶ 45-46. While the FDCA does not preempt preexisting common-law duties that "parallel federal requirements," it does preempt state-law claims that are dependent on the existence of violations of federal law. *Stengel v. Medtronic, Inc.*, 704 F.3d 1224, 1228, 1235 (9th Cir. 2013). To navigate the "narrow gap" for non-preempted claims, a plaintiff must "rely[] on traditional state tort law which had predated the federal enactments in question." *Buckman*, 531 U.S. at 353; *Stengel*, 704 F.3d at 1228, 1235 (to avoid preemption, the state-law claim must "predate[] the federal enactments in question" and "not exist solely by virtue of those enactments").

Like plaintiffs in *Chong*, plaintiff here is not pursuing pre-existing, traditional, state tort law claims. Rather, she bases her claim on "California's Sherman Law, which post-dates and is entirely dependent upon the FDCA, in that it expressly adopts the FDCA and regulations as state law." *Chong*, 2022 WL 464149, at *4. There is no independent %DV requirement under California's Sherman Law. Plaintiff's claims based on the omission of the %DV are preempted because the claims "originate[] from, [are] governed by, and terminate[] according to federal law." *See id.* at *4. She is suing only because the conduct allegedly violates the FDA regulations and is seeking to enforce the regulations.

### 2. Kodiak Does Not Make "Nutrient Content Claims" Based on Protein.

While the Court need not reach this issue, the statement "14g protein" is not a "nutrient content claim." Thus, Kodiak is not required to use a Protein Digestibility Corrected Amino Acid Score ("PDCAAS") to calculate a %DV or to use that digestibility score to calculate protein quantity in the first instance.

The FDCA defines a nutrient content claim as a "claim…[that] (A) *characterizes* the *level of any nutrient*." 21 U.S.C. § 343(r)(1)(A) (emphasis added). "[C]haracteriz[ing] the level of nutrient in [a] product" means "using terms such as *free, high, and low*, or . . . compar[ing] the level of a

nutrient in a food to that of another food, using terms such as more, reduced, and lite."[3] Examples of non-nutrient-content claims include statements such as "100 calories" and "5 grams of fat." 21 C.F.R. § 101.13(i)(3) ("The statement does not in any way implicitly characterize the level of the nutrient in the food and it is not false or misleading in any respect … in which case no disclaimer is required.").

The FDA states that "[a]n expressed nutrient content claim is any direct statement about the level (or range) of a nutrient in the food, e.g., 'low sodium' or 'contains 100 calories.'" 21 C.F.R. § 101.13(b)(1). The statement "14g Protein" does not "*characterize*" the level of protein in Kodiak's products as "high" or "low," "more," or "less," and is thus not a "nutrient content claim." Rather, the statement is a quantitative statement about how much protein is in the product. It is treated the same as stating "100 calories" or "5 grams of fat." *Id.* Kodiak thus does not make "nutrient content claims" and is not required to include the %DV of protein in the NFP.

### 3. Plaintiff Lacks Art. III and Statutory Standing for Her Omission-Based %DV Claim and Fails to Plausibly Show Reliance on an Omission.

A bare regulatory violation, untethered to a particularized allegation of harm, does not give rise to an injury-in-fact sufficient for Article III standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021 ("Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court."). Likewise, to have statutory standing under the FAL, CLRA, or UCL, a plaintiff must allege they relied on the defendant's purported misrepresentations and suffered economic injury as a result. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011); *see also Swearingen v. Late July Snacks LLC*, 2017 WL 4641896, at *2 (N.D. Cal. Oct. 16, 2017) (statutory standing "requires proof of reliance even if reliance is not an express substantive element of the underlying statute when the claim essentially sounds in misrepresentation").

---

[3] U.S. FDA, LABEL CLAIMS FOR CONVENTIONAL FOODS AND DIETARY SUPPLEMENTS, *Nutrient Content Claims*, available at https://www.fda.gov/food/food-labeling-nutrition/label-claimsconventional-foods-and-dietary-supplements (last updated June 19, 2018) (emphasis added).

Plaintiff asserts Kodiak was required to include the %DV of protein on the Nutrition Facts panel. FAC ¶ 6, 19. She provides no factual support about her experience with %DV or how she was misled by the obvious lack of a %DV on the NFP. Plaintiff has not alleged a cognizable injury arising from this known omission. *Chong*, 2022 WL 464149, at *4 n.1 (noting "[d]ismissal likely would also be warranted on grounds that plaintiffs have not alleged a cognizable injury arising from the omissions"); *Natures Path*, 2022 U.S. Dist. LEXIS 42760, at *10 (agreeing plaintiffs' lack standing because of "a reliance problem").

As in *Natures Path*, plaintiff cannot plausibly claim she was injured by the absence of the %DV when she did not examine, consider, or rely on the %DV. *Natures Path*, 2022 U.S. Dist. LEXIS 42760, at *10 (holding plaintiffs failed to plead "they made their purchasing decisions based on anything other than the Products' front label."); *see also Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1060 (N.D. Cal. 2013) ("Plaintiff has not pled that she ever looked at the nutrition panel. As such, it is implausible that she was deceived by its lack of disclosures."); *Durnford v. Musclepharm Corp.*, 2015 WL 9258079, at *6 (N.D. Cal. Dec. 18, 2015) (finding the plaintiff had not adequately alleged reliance because he did not plead he had read and relied on the allegedly misleading representation), *aff'd in relevant part and rev'd in part*, 907 F.3d 595 (9th Cir. 2018); *Delacruz v. Cytosport, Inc.*, 2012 WL 1215243, at *9 (N.D. Cal. Apr. 11, 2012) (dismissing claims based on misrepresentations made on the defendant's website because the plaintiff did "not plead that she read or relied on any statements on the website").

Plaintiff is silent as to whether the %DV omission was in fact material to her purchases, as opposed to, or in addition to, taste, texture, or brand recognition. Had the presence of %DV mattered in her purchase decision, she would have checked and known the %DV was not listed. If she cared about the %DV and it was not shown on the NFP, she would not have purchased Kodiak's products. Instead, plaintiff pleads she made *repeated* Kodiak purchases. Because plaintiff purchased Kodiak products despite the absence of a %DV on the NFP, her conduct makes clear that this information was not material to her.

In short, because she has not made a plausible allegation that the missing %DV harmed her in a concrete way, plaintiff lacks Article III and statutory standing. *TransUnion*, 141 S. Ct. at 2208–

13; *Natures Path*, 2022 U.S. Dist. LEXIS 42760, at *11 (dismissing plaintiffs' %DV theory of liability for failure to plead "they themselves were deceived by the omission); *Chong*, 2022 WL 464149, at *4 n.1; *see also Windsor v. Sequoia Benefits & Ins. Servs. LLC*, 2021 WL 5053087, at *2 (N.D. Cal. Nov. 1, 2021) (allegation that defendant unlawfully skimmed from plaintiffs' ERISA plan did not confer standing when harm flowed to plan, not plaintiffs).

### C. Plaintiff Cannot Raise New Unpled Theories of Liability in Opposition.

Plaintiff has said that she intends to salvage this case through an amended pleading that advances a new theory, should this Court allow it. For reasons Kodiak will expand on in its opposition to plaintiff's forthcoming motion for leave to amend, no amendment should be permitted at this late stage of the litigation and in any event, her new theories are not viable either. Further, these new theories are not presently before the Court in the FAC. Plaintiff cannot avoid dismissal of the FAC through new facts or theories she may present in her opposition to this motion. *SriCom, Inc. v. EbisLogic, Inc.*, 2012 WL 4051222, at *6 (N.D. Cal. Sept. 13, 2012) ("[A]llegations raised for the first time in the briefing are not considered in determining the sufficiency of the complaint."); *Diamond S.J. Enter.*, 2018 WL 5619746, at *6.

## V. CONCLUSION

Kodiak requests this Court to enter judgment against plaintiff because her claims are preempted and otherwise fail.

DATED: April 15, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Michael Grimaldi
MICHAEL K. GRIMALDI
Attorneys for Defendants Baker Mills, Inc. and Kodiak Cakes, LLC